51 So.2d 727 (1951)
BOYER
v.
DYE.
Supreme Court of Florida, Division B.
April 6, 1951.
*728 Randolph Calhoun, Dick Lee and John M. Scheb, all of Sarasota, for appellant.
Dewey A. Dye, Jr., Bradenton, for appellee.
ADAMS, Justice.
This appeal is from a summary decree in favor of defendant in a suit where plaintiff sought to establish a trust in the estate of Florence E. Christman.
Appellant sued in equity and alleged in substance that he and deceased by their joint efforts created a joint estate in the name of deceased; that pursuant to an oral understanding between them they would share their accumulations equally and deceased would will same to appellant prior to her death; that she failed to make the agreed will wherefrom in equity appellant should be granted the estate which had been accumulated in the name of deceased.
Before answering the bill appellee filed a motion for summary decree pursuant to Equity Rule 40, 31 F.S.A.
Affidavits pro and con were submitted and the chancellor granted a summary decree holding: "* * * there is a complete failure by plaintiff to show the existence of any substantial competent legal evidence tending to establish any basis or foundation in fact in proof of material facts alleged in the bill of complaint; because of such lack (and without passing on questions of estoppel, election, contradictions, improbability and similar questions also presented by defendant's motion, affidavits and exhibits), the court determines there is no genuine issue as to any material fact and that defendant is entitled to a final decree as a matter of law; upon consideration thereof,"
Forceful argument is made that appellant has been denied a trial and the case disposed of on affidavits. It is basic and fundamental that a right to a trial presupposes a real and genuine issue. If Equity Rule 40 is to serve other than a mere motion for decree on the pleadings we must allow the chancellor to receive documentary and oral evidence and with such evidence pierce the shield of the pleadings in search of a genuine issue. While our rule is relatively new it is patterned after Federal Rules Civil Procedure Rule 56, 28 U.S.C.A., and the accepted practice under rules of this nature is to accord the chancellor reasonable latitude in determining whether there is in fact a case to be tried. The rule is not limited in its application to pleadings filed in bad faith. It may be used to inquire into the qualitative substance of any pleading whether filed in good or bad faith.
In this instance we can affirm the chancellor upon the ground stated in the decree without passing upon the other questions discussed in the briefs.
Affirmed.
SEBRING, C.J., and CHAPMAN and HOBSON, JJ., concur.