DREW, Justice.
This is an appeal from a final judgment in favor of the plaintiff in a suit to recover a real estate commission.
Neither the plaintiff in her complaint nor the defendants in their answer below requested a jury trial. On the day of the trial, however, the plaintiff demanded trial by jury and the lower court granted such demand over the objection of the defendants. The granting of such demand is assigned as error.
In the case of Messana v. MaulE Industries, Inc., Fla., 50 So.2d 874, 876, we construed 30 F.S.A.Rules of Common Law,. Rule 31, of this Court relating to demands, for jury trial, and in that case said:
" * * * In promulgating the rule there was no purpose to deprive anyone of a jury trial, even if possible. In fact, there was no- intent to coerce a litigant to relinquish his right t© trial by jury. When the right is claimed the-court has no alternative. If the claim comes after the time specified in the rule, the usual discretion is allowed the trial court in the matter. * * * ” (Emphasis supplied.)
The above language was quoted and approved in the later case of Fountain of Youth Broadcasting Co. v. Church, Fla., 51 So.2d 728.
While the defendants objected at the time-to the action of the Court in granting a jury-trial, no application was made for a continuance and the cause proceeded to trial. Under the circumstances shown by the record the trial court did not abuse the discretion vested in him in granting plaintiff’s motion for a jury trial.
The appellants urge that new Rule 31,. which became effective June 1, 1952 (after the disposition of this case in the lower court), was a clarifying amendment and was intended to state specifically what the Rule meant all the while, and therefore the lower court was powerless to grant such request without the consent of both parties. This argument is untenable in view of the above quoted decisions of this Court construing the Rule.
The other assignments of error have been carefully considered. We find in them no basis for a reversal of the judgment complained of.
Affirmed.
HOBSON, C. J., and TERRELL, ROBERTS and MATHEWS, JJ., concur.
THOMAS and SEBRING, JJ., not participating.