88 So.2d 294 (1956)
H.H. SHORES and H.G. Shores, Appellants,
v.
Ida MURPHY and her husband, R.H. Murphy, Appellees.
Supreme Court of Florida, En Banc.
May 9, 1956.
Rehearing Denied May 25, 1956.
A.G. Campbell, Jr., De Funiak Springs, for appellants.
James N. Daniel, Chipley, for appellees.
*295 THORNAL, Justice.
Appellants Shores, who were defendants below, seek reversal of an adverse judgment entered in favor of appellees Murphy, who were plaintiffs below in an ejectment proceeding.
The issue on appeal is whether the trial judge committed error in ordering a jury trial despite the fact that neither party had demanded trial by jury in accord with the provisions of 31 F.S.A. Rule 2.1(b), Florida Rules of Civil Procedure.
The record reveals that neither the plaintiffs by their complaint, nor the defendants by their answer, demanded a jury trial. When the case came on for trial, the following transpired:
"By Mr. Campbell: Defendants, through their attorneys, object to proceeding in the trial by a jury in this case and move the Court to try said cause without a jury; neither side having asked for a jury trial, as provided by Rule 2.1, Florida Rules of Civil Procedure, and the defendants not consenting at this time a demand for trial by Jury by the plaintiffs.
"By the Court: The motion will be over-ruled and I will deny the motion, because it is the Court's conclusion that sub-section B and D of Rule 2.1 is invalid and unconstitutional, in that the Constitution guards the right of trial by jury, which right is recognized in Sub-section A of Rule 2.1 and it being the Court's conclusion that a constitutional right cannot be denied by negative action, altho said right may be waived by affirmative action by both sides.
"By Mr. Daniel: I would like to add that plaintiff has no objection to trial by a jury."
Although the record does not so reveal, counsel for appellants in the oral argument conceded that when the docket was sounded several days before the date of trial, the parties were at that time advised by the court that the case would be tried before a jury.
The sole ground for reversal argued by appellants is that the trial judge committed error in ordering a jury trial. The correctness of the ultimate judgment is not questioned. Appellees contend that the trial judge had a reasonable discretion to exercise within the limits of the Florida Rules of Civil Procedure and that his discretion was not abused.
Although we do not agree that subsections (b) and (d) of Rule 2.1, Florida Rules of Civil Procedure, are unconstitutional, as suggested by the trial judge, nevertheless, for the reasons hereinafter stated we find no justification to reverse the judgment under attack.
The pertinent parts of Rule 2.1, Florida Rules of Civil Procedure, are as follows:
"Rule 2.1. Demand for Jury Trial-Waiver
"(a) Right Preserved. The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate.
"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury, by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.
* * * * * *
"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by these rules shall constitute a waiver by him of trial by jury. If waived, a jury trial may not be granted without the consent of the parties. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."
The present rule is similar to Rule 38 of the Federal Rules of Civil Procedure, 28 *296 U.S.C.A. and supersedes former Florida Common Law Rule 31, which read as follows:
"Unless the plaintiff in his complaint or the defendant in his answer shall demand a trial by jury, a trial by jury shall be deemed to have been waived."
We have consistently held that the purpose to be accomplished by rules of this nature is to expedite the disposition of cases where possible by enabling the trial courts to clear congested dockets. It was never intended that parties would be arbitrarily denied a trial by jury where such denial might work an injustice. Furthermore, one of the basic objectives of the New Rules of Civil Procedure was to expand the judicial discretion of the trial courts in procedural matters wherever full and complete justice required that such discretion be exercised. Instead of limiting and restricting the sound discretion of the trial judge, the purpose of the New Rules was to liberate the trial courts from many of the hard and fast technical procedural restrictions of the common law. Messana v. Maule Industries, Inc., Fla. 1951, 50 So.2d 874; Fountain of Youth Broadcasting Co. v. Church, Fla. 1951, 51 So.2d 728.
In Wood v. Warriner, Fla. 1953, 62 So.2d 728, we held that under former Common Law Rule 31, even though jury trial had not been demanded in the complaint or answer, the trial judge did not abuse his discretion by granting a motion for a jury trial filed by the plaintiff on the day of the trial.
Federal Rule 38 is very similar to Florida Rule 2.1. However, the Florida Rules of Civil Procedure do not include a rule similar to Federal Rule 39, which by its terms authorizes the trial judge in his discretion to order a trial by jury upon motion even though neither party is entitled to a jury trial as a matter of right because of the waiver that results from a failure to demand trial by jury in accordance with the rule. The broad discretion of the trial courts in ordering a jury trial under the Federal Rules was recognizd by the Circuit Court of Appeals for the Fifth Circuit and approved by the Supreme Court of the United States in Roth v. Hyer, 142 F.2d 227, certiorari denied 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573.
Although we do not have a Florida Rule similar to Federal Rule 39, it should be noted that under Florida Rule 1.15(e) a trial judge is granted an exceedingly broad discretion in permitting amendments in procedural matters and otherwise disregarding defects which do not affect the substantial rights of the parties. This would include the discretion to order a jury trial if justice requires it.
When construed as above, it is our view that Rule 2.1, Florida Rules of Civil Procedure, meets the requirements of the Constitution which, by Section 3 of the Declaration of Rights, F.S.A., requires that the right to trial by jury shall remain inviolate. Consequently, we do not agree with the trial judge when he expressed the view that the Rule is unconstitutional. On the other hand, in the case before us, the appellants do not contend that there was any error in the verdict of the jury in favor of the appellees or in the ultimate judgment of the court entered upon the verdict. Under such circumstances it could hardly be effectively contended that the appellants have suffered injury by the requirement of the trial judge that the case be tried before a jury. There is no argument offered to us to show that the conclusion would have been otherwise if the cause had been tried by the judge without a jury. Furthermore, there is no contention that the trial judge abused his discretion in ordering a jury trial even though the reason that he gave for justifying the exercise of his discretion might not have been a sound one. Consequently, if any error was committed in this case, it was necessarily harmless.
We therefore hold that Rule 2.1 of the Florida Rules of Civil Procedure is constitutional and that by failing to comply with it, the parties to a cause may waive the privilege of a jury trial as a *297 matter of right. Nevertheless, when this Rule is considered in the light of the other Rules of Civil Procedure, as well as the recognized power of the trial judge to direct the course of the trial in a manner consistent with the requirements of justice, so long as he exercises his discretion within the orbit of applicable rules and statutes, we further hold that under appropriate circumstances, the trial judge still may exercise a sound judicial discretion in ordering a trial by jury subject to the limitation that the discretion must not be abused to the injury of the parties-litigant. No abuse is here shown.
No error having been made to appear in the verdict and judgment under attack in the case before us, the judgment must therefore be 
Affirmed.
DREW, C.J., and TERRELL, THOMAS, ROBERTS and O'CONNELL, JJ., concur.
HOBSON, J., not participating.