134 So.2d 268 (1961)
BARDEE CORPORATION, Appellant,
v.
ARNOLD ALTEX ALUMINUM CO., Jaye Manufacturing, Inc., and Robert L. Turchin, Inc., Appellees.
No. 61-167.
District Court of Appeal of Florida. Third District.
November 9, 1961.
Rehearing Denied November 28, 1961.
*269 Aronovitz, Silver & Scher, Miami, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Sol Maisel, Miami, Kovner & Mannheimer, Miami Beach, for appellees.
Before HORTON, CARROLL and HENDRY, JJ.
CARROLL, Judge.
In an action against a builder for breach of contract, seeking to recover for water damage allegedly caused by faulty construction, a nonjury trial resulted in a judgment for the defendant. The plaintiff appealed, contending it was improperly denied a jury trial, and that the judgment was without adequate support on the record and contrary to the evidence.
A judgment rendered on a nonjury trial is presumed correct and the trial judge's findings have the quality of a jury verdict. Chakford v. Strum, Fla. 1956, 87 So.2d 419; Calhoun v. Corbisello, Fla. 1958, 100 So.2d 171, 173; Curti Enterprises, Inc. v. Pan American Bank of Miami, Fla.App. 1959, 115 So.2d 592, 595; Ross v. Florida Sun Life Insurance Company, Fla.App. 1960, 124 So.2d 892. Cf. Ward v. Miami Lock & Hardware Co., Fla.App. 1960, 119 So.2d 395, 398. As we view this record that presumption of correctness is not overcome and the trial judge's findings have adequate evidentiary support.
The denial of jury trial presents a more difficult question. The rule requiring a demand for jury trial (2.1(b), F.R.C.P., 31 F.S.A.) provides:
"Any party may demand a trial by jury of any issue triable of right by a jury, by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."
Under the original complaint in which two defendants were joined, the plaintiff made a timely demand for jury trial. Later those defendants were dismissed, and an amended complaint was filed which made the appellee a defendant. Thus the parties defendant who were in the case at the time plaintiff's demand for jury trial was made were removed from the cause, and demand for jury trial was not repeated after the appellee became a defendant, nor was appellee, as the then "other party," served with a demand.
Under the particular wording of rule 2.1 (b), which provides for a demand for "trial by jury of any issue triable of right by a jury," and which requires written demand *270 to be served "upon the other party" within a specified time after the last pleading "directed to such issue," we can not fault the trial judge for concluding there was no timely demand as to the issues to be tried between the plaintiff and the new and sole defendant,[1] and having so concluded it was then not an abuse of discretion for the trial judge to refuse a later request for jury trial. The construction which has been placed on the almost identical Federal Rule of Civil Procedure rule 38(b), 28 U.S.C.A., indicates the correctness of the trial judge's ruling in this instance.[2] In commenting on a prior Florida rule which required a plaintiff to make the demand with his complaint, or suffer waiver of the right to jury trial, the Supreme Court in Messana v. Maule Industries, Fla. 1951, 50 So.2d 874, 876, said: said:
"* * * In promulgating the rule there was no purpose to deprive anyone of a jury trial, even if possible. In fact, there was no intent to coerce a litigant to relinquish his right to trial by jury. When the right is claimed the court has no alternative. If the claim comes after the time specified in the rule, the usual discretion is allowed the trial court in the matter. * * *"
The Supreme Court has held it was not abuse of discretion for a trial judge to grant a jury trial request made after the time allowed for it under the rule (Fountain of Youth Broadcasting Co. v. Church, Fla. 1951, 51 So.2d 728; Wood v. Warriner, Fla. 1953, 62 So.2d 728), or to order a jury trial when neither party had demanded it (Shores v. Murphy, Fla. 1956, 88 So.2d 294). The discretion works both ways, and where demand is not made in accordance with the rule a refusal of a delayed or untimely request for a jury trial is not an abuse of discretion.
Affirmed.
NOTES
[1] On the inapplicability of F.R.C.P. 1.15 (c) under the present circumstances, see Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662; Shannon v. McBride, Fla.App. 1958, 105 So.2d 16. See also Third Nat. Bank & Trust Co. of Springfield, Mass. v. White, D.Mass. 1932, 58 F.2d 411, 412; Hankinson v. Pennsylvania Railroad Company, E.D.Pa. 1958, 160 F. Supp. 709, 710; 3 Moore's Federal Practice ¶ 15.15 at p. 852.
[2] American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir.1951, 190 F.2d 234; McAndrews v. United States Lines Company, S.D.N.Y. 1958, 167 F. Supp. 41; Arnstein v. Twentieth Century Fox Film Corporation. S.D.N.Y. 1943, 3 F.R.D. 58, 60; Ridge Theatre Corp. v. United Artists Corp., E.D.Pa. 1961; 27 F.R.D. 8; 5 Moore's Federal Practice ¶ 38.39(2), pp. 318-319: ¶ 38.41, p. 326; ¶ 38.45, p. 344; Barron & Holtzoff, Federal Practice and Procedure, § 877 (1960 Pocket Part).