KANNER, Acting Chief Judge.
A suit for damages was brought by plaintiff-appellee, Phyllis La Porte, against defendant-appellant, Associated Independents, Inc., a corporation engaged in the business of collecting garbage, for wilful and malicious killing of her dog through the wrongful act of its employee, a garbage collector. Verdicts and final judgment in her favor were rendered in the sums of $2,000 as compensatory damages and $1,000 punitive damages.
Appellant’s position on the appeal is that the trial court erred in charging the jury that appellee could recover for alleged mental suffering. The testimony of the attending physician with respect to appellee’s mental suffering indicates that, on the day of the incident complained of, March 29, 1962, appellee called at his office, that her behavior was characterized by hysteria, or an aggravated degree of nervousness and anxiety, that he administered an injection of a tranquilizer and prescribed added oral tranquilizer dosage. After that, he saw 'her once in May, incident to a call for medical attention to her son, once in his office in *558 June of 1962 and twice in August of that year for her nervous condition. This physician had been treating and giving medication for appellee’s nervous condition for approximately two years prior to the death of her dog. He related that during those two years she was more nervous than the average person, and it was his opinion that of recent times the state of her nervousness would be the same as it would have been if the dog had not died.
The facts comprising the backdrop of the case began to unfold one morning shortly before 7:00 when appellee, occupied in her kitchen with preparations for breakfast, took her dog, Heidi, outside, where she chained her to a post near a carport, out of reach of the garbage can area. Heidi was a pedigreed miniature dachshund whom ap-pellee, about two years previously, had purchased as a puppy for $75. Presently, she heard the dog barking, looked out the window, and, although the dog was out of her range of vision, she observed the garbage collector emptying the refuse can and then saw him throw the receptacle. Appel-lee heard the dog yelp, went outside, whereupon the garbage collector laughed and departed. The garbage can struck Heidi, who died as a result of the blow. Before this occurrence, appellant’s employee, who had been collecting garbage in that vicinity for three or four months, had never seen the dog and did not know that appellee owned one; and there is nothing to indicate that there had ever been even any conversation between him and appellee, nor does it appear that he was aware that she was witnessing any part of the can throwing incident.
Appellant acknowledges that, under the version of the evidence which the jury must have accepted, appellee was entitled to recover both compensatory and punitive damages, leaving as the question on appeal propriety of the trial judge’s action in instructing the jury as to recovery for mental suffering. We are not here concerned with a charge of negligence but with that of an intentional tort. It is conceded that the employee of appellant was legally upon appellee’s premises.
Generally, in an action seeking damages for the injury or destruction of a dog the basis of recovery may be either the market value, if the dog has any, or some special or pecuniary value to the owner, ascertainable by reference to the usefulness or services of the dog. It is improper to include an allowance for sentimental value of the dog to its owner. 4 Am.Jur.2d, Animals, section 147, page 399; 94 A.L.R. 729, 731, 735 ; 3 C.J.S. Animals § 234, page 1346. To assist in determination of the value of dogs, experts may be allowed to give their opinions upon the subject, based either on actual sales or their g-eneral observations and experience. For the same purpose, evidence of a dog’s pedigree and breed, as well as its peculiar traits, qualities, and characteristics is competent. 4 Am. Jur.2d, Animals, section 150, page 402 ; 94 A.L.R. 731, 733. In case of wanton and malicious killing of a dog, punitive or exemplary damages may be recovered. 4 Am. Jur.2d, Animals, section 147, page 400; 94 A.L.R. 737, 738; 3 C.J.S. Animals § 234, page 1347.
It is our view that the trial judge, under the particular facts of this case, should not have included the element of mental suffering as one to be considered by the jury in assessing damages.
As to the jurisdictional question raised by appellee on cross assignment of error there appears to be no error in the transfer of the case from the circuit court to the court of record.
The judgment is reversed and the cause remanded for new trial, not upon the issue of liability, but for determination only of compensatory and punitive damages.
Reversed and remanded.
SHANNON, J., and GERALD, LYNN, Associate Judge, concur.