HENDRY, Judge.
Appellant, Ethel Ehrlich, was plaintiff and counter-defendant and appellee, Metro Realty, Inc., was defendant-counter-claimant in the trial court.
Appellee signed a note payable to appellant in the sum of $3,300 which provided for no interest for 120 days, but 15% per annum thereafter. At the same time, appellant gave appellee two checks totaling $3,300. As part of the same transaction appellee gave appellant its check for $300.
Upon default in payment by appellee, after demand, appellant instituted the instant action seeking recovery on the note. Appellee’s answer set up the defense of usury as a complete bar to recovery and counter-claimed for the recovery of $300 which it had paid to appellant for interest.
The case was tried without a jury and resulted in a finding in favor of appellee on the ground that the note was usurious because plaintiff had knowingly charged a rate of interest, on the loan to defendant in excess of 25% per annum. Appellee contended that the $300 check which it gave to appellant was an advance interest payment. Appellant maintained that this payment was to correct a mistake, in that the amount previously agreed to be loaned was $3,000, but that the note had been erroneously drawn for $3,300, therefore to avoid redrafting the note, appellee gave appellant its check so that the net balance payable would be the $3,000 previously agreed upon by the parties.
It is upon resolution of this issue of fact that the case turns. If appellant’s version is accepted, then the note is not usurious, if the appellee’s version is accepted the note is usurious.
 The basic question in this appeal is whether the evidence presented at the trial, without a jury, sufficiently supports the judgment in favor of the defendant-counter-claimant. The findings of a judge sitting without a jury are entitled to the same presumption of correctness as a jury’s findings of fact.[1] As we view this record ■that presumption of correctness is not overcome, and the trial judge’s findings have adequate evidentiary support.
We have considered appellant’s other assignments of error and find them to be without merit.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. Bardee Corporation v. Arnold Altex Aluminum Co., Fla.App.1961, 134 So.2d 268.