166 So.2d 666 (1964)
Luther B. WERTMAN, d/b/a Northside Animal Hospital, Appellant,
v.
Joseph P. TIPPING and Ann M. Tipping, his wife, Appellees.
No. F-194.
District Court of Appeal of Florida. First District.
July 28, 1964.
Howell & Houser, Jacksonville, for appellant.
Adams, Rothstein & Siegel, Jacksonville, for appellees.
WILLIS, BEN C., Associate Judge.
The trial court, without a jury, awarded a judgment in the sum of $1,000 against the defendant Wertman and he appeals.
The plaintiffs, owners of a seven-year-old trained, registered full blood German Shepherd dog, sued the defendants for the loss *667 of this dog from the kennels at the animal hospital owned and operated by the defendant. The dog had been boarded at defendant's place and while there escaped from the kennel and was never found.
The defendant appellant urges that the trial court committed two reversible errors. First, he says, there was an abuse of discretion in denying his motion that the cause be tried by a jury. Second, he contends the amount of the award is excessive.
The complaint was filed September 17, 1963 and the answer on October 4, 1963. Neither demanded a jury trial. There were no other pleadings. Defendants' motion for trial by jury was served over two months later on December 10, 1963. Prior thereto, on December 4, the court had ordered the case set for trial on January 28, 1964.
Under our Florida Rules of Civil Procedure, either party in a law action may require, as of right, a jury trial on any issue triable of right by a jury, but unless demand for same is served not later than ten days after service of the last pleading the right is deemed waived. F.R.C.P. 2.1 (b), (d), 31 F.S.A.
It is also the established law in this jurisdiction that a trial court may order a jury trial after the lapse of the ten day period "if justice requires it". Shores v. Murphy (Fla. 1956) 88 So.2d 294. The Shores case comments on our practice of liberal amendment of pleadings and the high priority of importance of the right to trial by jury. For these and other reasons it was found that a trial court has the discretionary power in a proper case to award a jury trial notwithstanding failure of formal demand within the time provided by the rules.
When a motion for jury trial is made after lapse of the ten day period, the trial court is called upon to exercise a sound judicial discretion in determining if the ends of justice require the granting of the motion. If it is plain that justice would be denied if the motion is not granted, the trial judge would have abused his discretion and committed reversible error in denying such motion. However, the burden is on the moving party to establish that justice requires that the motion be granted.
The case here had already been set for trial when the motion was made and to have granted it a postponement of the trial date would have been required.[1] This could have been an inconvenience and handicap to the plaintiffs and also to the court. There are other factors which the trial judge might properly have considered, such as the state of the trial calendar and his own prior commitments of his time, which are not apparent from the record but would be within his peculiar knowledge. The presumption is in favor of the correctness of the order. For this court to overthrow it, the appellant must show that it is clearly erroneous. We do not deem such a showing to have been made.
The right to a trial by jury is a deeply cherished and jealously guarded fundamental precept. It will not be taken away when injustice would be the result. However, our rules do require of a litigant to have this right that he make a simple, unsophisticated, short written demand for it either in his pleading, or separately, within ten days after service of the last pleading. If he doesn't ask for it by then, the court and his opponent may deem it waived and arrange their affairs accordingly. When this almost effortless prerequisite is not met, the tardy litigant must demonstrate that the award of a jury trial will not only be an accommodation of his desires but also will impose no injustice on his adversary[2] *668 and further will not unreasonably inconvenience the court in the performance of its duties. See: Bittner v. Walsh, Fla. App., 132 So.2d 799; Bardee Corp. v. Arnold Altex Aluminum Co. et al., Fla.App., 134 So.2d 268. The appellant-defendant did not meet this burden.
On the issue of the propriety of the amount of the judgment, we find that there was substantial, competent evidence to support the finding of trial judge that the dog which was lost had a value of $1,000. Such a finding is reflected in the judgment rendered. The evidence on this issue is in conflict, but such conflicts have been resolved by the trial judge and he is not shown to be in error in the judgment rendered. Some statements of the trial judge made during the trial intimate that he may have regarded the measure of damages to be the market value of the dog. There is competent evidence sufficient to sustain a finding that the dog's market value was the sum awarded. However, the measure is not limited to this consideration. As said in Associate Independents, Inc. v. LaPorte, Fla.App., 158 So.2d 557: "Generally, in an action seeking damages for the injury or destruction of a dog the basis of recovery may be either the market value, if the dog has any, or some special or pecuniary value to the owner, ascertainable by reference to the usefulness or services of the dog". In this case there was considerable evidence of special usefulness of the dog to plaintiffs which may and could have been regarded as of substantial value to the owner. Viewing all of these circumstances the amount of the award, though quite adequate, is not unrealistic and certainly not shocking to judicial conscience.
The judgment is
Affirmed.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] In the defendants' motion one of the grounds set forth was that "a civil jury trial will be in the box to try civil cases in Division F of this Court during the month of February." This case was assigned to Division F, so the allegation is to the effect that the case could be tried sometime in February, 1964 by jury before the judge of the division to which the case was assigned.
[2] See McKesson & Robbins v. Barwick, 95 So.2d 601, Fla., which holds that rights and interests of adversary must not be overlooked in considering application for continuance.