RAWLS, Acting Chief Judge.
Defendant, Lawton Wesley Pittman, has appealed from an adverse jury verdict and judgment entered thereon in an unlawful detainer action.
The Haselwoods brought this action on May 15, 1967, in Clay County, seeking pos *44 session of their real property unlawfully detained by Pittman who defended and counterclaimed on the grounds of an oral agreement to use the property if he improved same, which he did by erecting buildings of a value exceeding $8,000.00.
The only question is whether the lower court abused its discretion in ordering a jury trial and in denying defendant’s motion for a continuance. Under the circumstances of this case we find that it did.
The order setting the cause for trial did not state that a jury trial would be held. Neither party had demanded a jury trial at any time. On the day set for trial, the Judge began impaneling a jury. Defendant’s counsel objected on the grounds that he came from Jacksonville to Green Cove Springs, where the trial was to be held; he had not anticipated a jury trial; had he known, he would have prepared his case differently and would have employed local counsel to assist in the selection of the jury; and that both parties had waived jury trial under Rule 1.430, Florida Rules of Civil Procedure, 30 F.S.A. When the trial judge ordered a jury trial, defendant moved for a 15-day continuance in order to obtain local counsel. This motion was likewise denied.
Appellees rely upon Section 82.09, Florida Statutes 1965, F.S.A., which provides that certain unlawful detainer actions “shall be tried by a jury of six.” They concede that this section was repealed on June 26, 1967, over two months before entry of the order setting this cause for trial, but they contend that ordering the jury trial was within the trial court’s discretion.
Rule 1.430 (formerly Rule 2.1) was construed by this Court in Bittner v. Walsh,[1] an action of ejectment, in which we held that the circuit judge did not abuse his discretion in denying appellants’ oral request for a trial by jury when made at the time for trial because the appellee had not prepared for a jury trial and had not employed local counsel. In rendering that decision this Court followed the rule set forth by the Supreme Court in Shores v. Murphy.[2] There jury trial was waived by both parties, but when the docket was sounded several days before the date of trial, the parties were advised by the lower court that the case would be tried before a jury. The Supreme Cohrt held that even though the parties had waived jury trial, a trial judge may still exercise his sound judicial discretion by ordering a trial by jury subject to the limitation that the discretion must not be abused to the injury of the parties-litigant.
In an earlier case, Wood v. Warriner,[3] the Supreme Court held that where both parties waived jury trial under the rule, but on the day of trial plaintiff demanded a jury, and defendant did not apply for a continuance, the court did not abuse its discretion in granting same.
Thus, a trial judge may in his sound judicial discretion order a jury trial even though same was never requested by either party. In defense of the trial judge, we note that he was not the judge who entered the order setting the date of the trial; he anticipated a jury trial; veniremen had been called and there was no other case for them to hear on that date; and the court had planned to clear its calendar the following week. However, under the circumstances in this case where the order was entered on the day of the trial without prior notice to the parties, and the same came as a surprise to one of the parties who was unprepared for a jury trial, we find that there was an abuse of discretion, and the request for a continuance should have been granted.
*45 The judgment appealed is quashed, and the cause is remanded without prejudice to the trial court to order a jury trial after reasonable notice to the parties.
Reversed.
JOHNSON and SPECTOR, JJ., concur.

. Bittner v. Walsh, 132 So.2d 799 (Fla. App. 1st 1961).

. Shores v. Murphy, 88 So.2d 294 (Fla.1956).

.Wood v. Warriner, 62 So.2d 728 (Fla.1953).