WALDEN, Judge.
Plaintiff sued defendants for money damages. Her complaint was in two counts. At the end of the Complaint, that being at the conclusion of Count II, there were these final words, “and demands Trial by Jury.”
The trial court refused jury trial to plaintiff on Count I and tried the cause non-jury with the result being the dismissal of Count I on the basis that plaintiff had failed to sustain the material allegations of her complaint.
Although the right to a jury trial on Count II was recognized, the issues did not reach that stage as the trial court earlier entered summary judgment in favor of defendants on Count II on the *249 basis of the findings and the prior decision by the court as to Count I. Plaintiff appeals, presenting two points:
I. The court should have permitted trial by jury as to all counts when the complaint asked for trial by jury, the parties had previously stipulated to trial by jury, and no prejudice would have resulted by having a trial by jury.
II. The plaintiff set forth a prima facie case so as to create a factual question as to her earning of a commission and the dismissal of Count I and summary judgment as to Count II should not have been entered.
We reverse with directions to accord plaintiff a jury trial as to both counts.
The record reflects that court and counsel in the first instance recognized that plaintiff was entitled to a jury trial across-the-board as the court did, in fact, set the cause for trial by jury on both counts, stating that the “cause is at issue.” The jury trial was continued by stipulation, Thereafter plaintiff made a special motion for jury trial, stating that the demand in the original complaint was intended to apply to both counts. The court denied the motion and ordered that only Count II was entitled to a trial by jury.
Although the issue is close, we are of the opinion that the trial court decision to limit the demand for jury trial to only County II was error. A reading of F. R.C.P. 1.430(c)[1] reflects that unless specified to the contrary a demand for jury trial shall be deemed a demand for jury trial on all issues. Plaintiff’s demand was not specifically limited; see 20 Fla.Jur. Jury § 26 (1958).
It would have been preferable to place the demand separately and include it in each count. However, we feel that the demand was sufficient and its adequacy was not destroyed by the plaintiff’s subsequent effort to make it classically clear by including the words “and demands a Jury Trial” at the end of both of the counts.
Expositive of this state’s views as to the right to jury trial is the comment found in Wertman v. Tipping, 166 So.2d 666 (1st D.C.A.Fla.1964):
“The right to a trial by jury is a deeply cherished and jealously guarded fundamental precept. It will not be taken away when injustice would be the result. However, our rules do require of a litigant to have this right that he make a simple unsophisticated, short written demand for it either in his pleading, or separately, within ten days after service of the last pleading. If he doesn’t ask for it by then, the court and his opponent may deem it waived and arrange their affairs accordingly. When this almost effortless prerequisite is not met, the tardy litigant must demonstrate that the award of a jury trial will not only be an accommodation of his desires but also will impose no injustice on his adversary and further will not unreasonably inconvenience the court in the performance of its duties.” Id. 166 So.2d at 667-668.
Here, as stated, the plaintiff’s demand was sufficient and was initially so considered by all concerned. Further, the award of a jury trial' will obviously accommodate her desires, will impose no injustice on the defendants, and will not unreasonably inconvenience the court.
And now as to Count II and its disposition via summary judgment. Since *250 it was builded and bottomed upon the flawed and illegal procedures which produced the dismissal as to Count I, the disposition as to Count II must necessarily fall. Eliminating from purview the Count I decision, we see that there are disputed issues of material fact which preclude summary judgment. There was ample evidence to show that the parties were clearly aware that the plaintiff was the one who brought the parties together initially, and that subsequent thereto, being aware of this fact, the parties proceeded to negotiate with each other directly thereby carrying on continuous negotiations between themselves without the knowledge or consent of the broker, a fair inference to be drawn being that this was done in order to avoid paying a commission to the broker. These issues should be decided at jury trial.
We reverse and remand for further proceedings consistent herewith.
Reversed and remanded.
OWEN, C. J., concurs.
CROSS, J., dissents with opinion.

. “Rule 1.430. Demand for Jury Trial; AVaiver

“(e) Specification of Issues. In liis demand a party may specify the issues which he wishes so tried; otherwise, he is deemed to demand trial by jury for all issues so triable. If he has demanded trial by jury for only some of the issues, any other party may serve a demand for trial by jury of any other or all of the issues triable by jury ten days after-service of the demand or such lesser time as the court may order.”