HERSEY, Judge.
The sole issue of any consequence raised by Ms. Keister in these proceedings involving her refusal to pay attorneys’ fees is the propriety of the trial court’s denial of a belated request for trial by jury.
To review the proceedings leading up to the denial: On October 9, 1980, the complaint was filed by Ruden, Barnett (appel-lees) against Keister, for damages for breach of contract in the amount of $50,000 or alternative relief on a quantum meruit basis. On November 12,1980, Keister filed an answer pursuant to a previously granted extension of time. Initially Keister was acting in a pro se capacity; however, a notice of appearance was filed by Ronald Gossett on December 4, 1980. On the same date Keister, through her attorney, filed a motion to amend proceedings to *305 demand a trial by jury along with other motions. A hearing was held on these motions and on December 16, 1980, the court entered its order denying Keister’s motion to amend proceedings to demand a trial by jury. At the hearing the judge stated: “I think she’s waived her right to a jury trial, and I don’t think it’s an abuse of my discretion having previously set it for non-jury trial to deny the motion.” The court granted a motion to amend the answer. At a subsequent hearing, the judge discussed with Keister’s counsel the scope of the order granting leave to amend, the judge stating, “that was just what was argued, just to file certain affirmative defenses, and certainly not to go back and review the jury trial motion.” Thus, even though it was known to Keister’s attorney that a renewed jury trial request would not be entertained, one was demanded in the amended pleadings. (The amended pleadings included a counterclaim which was subsequently dismissed.) The trial judge’s denial of the request provides the basis for this appeal.
Keister argues that the amended pleading, by injecting new issues, revived her right to timely demand a jury trial. Specifically, the new issue raised was that the agreement was for $25,000 of legal services for her daughter and the same amount for herself, rather than $50,000 “undivided” as evidenced by the written document on which the complaint was predicated. By raising this issue, the appellant attempted to bring the case within the ambit of Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla.1975). Therefore, only if evidence of the issue newly injected into the case is found to be insufficient to go to a jury, rendering the error below harmless, are we in a position to affirm the judgment rendered after the non-jury trial.
In its final judgment the lower court found that the written document expressed the sole agreement between the parties:
3. Shortly after the retention by Defendant, KEISTER, of Plaintiff, RU-DEN, BARNETT, as previously set forth, Defendant, KEISTER, entered into a written agreement, dated January 3, 1980, (Defendant’s, KEISTER, Exhibit 2 in evidence and hereinafter referred to as “Written Agreement”), with Plaintiff, RUDEN, BARNETT, which Written Agreement fully memorialized the agreement between the parties as to the legal fees that were to be paid by Defendant, KEISTER, to Plaintiff, RUDEN, BARNETT, in accordance with its representation of Defendant, KEISTER, in the Marriage Lawsuit.
The evidence clearly established that Keis-ter had signed a written agreement, agreeing to pay Ruden, Barnett a $50,000 fee no later than July 10, 1980. Nowhere prior to the amended answer is this new issue raised, as Ruden, Barnett points out in its brief:
Keister wrote several letters, including one of ten pages all of which complained of the representation afforded her by RUDEN, BARNETT. Nowhere in those letters, was any complaint made of the $50,000.00 fee demanded for services rendered. Rather, these letters, together with the Answers to Admissions are statements which clearly establish that the only contractual relationship KEIS-TER had with RUDEN, BARNETT was contained in that contract between the parties. The trial court agreed (Record cites omitted).
We therefore hold that no reversible error was committed by the trial court because appellant has failed to sustain the burden imposed upon her by the rule enunciated in Wertman v. Tipping, 166 So.2d 666 (Fla. 1st DCA 1964). Further, the evidence submitted on the issue as to which a jury trial was demanded was insufficient to go to the jury so that, even if error‘occurred, it was harmless. Hollywood, Inc. v. City of Hollywood, 321 So.2d at 65.
For these reasons we affirm.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.