468 So.2d 492 (1985)
ALTAMONTE HITCH & TRAILER SERVICE, INC., Etc., et al., Appellants,
v.
U-HAUL CO. OF EASTERN FLORIDA, Etc., et al., Appellees.
No. 84-225.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
William L. Eagan of Arnold, Matheny & Eagan, P.A., Orlando, for appellants.
J. Thomas Cardwell and W. James Gooding III, of Akerman, Senterfitt & Eidson, Orlando, for appellees.
ORFINGER, Judge.
This is an appeal by the plaintiffs below from a final judgment entered on defendants' counterclaim. Their principal contention is that they were improperly denied a jury trial. We disagree, and affirm.
Appellants (as plaintiffs) filed the action in January, 1978. They sought damages and equitable relief based on alleged violations by defendants of a dealer's agreement and lease between the parties. On December 27, 1978, defendants filed a counterclaim seeking damages from plaintiffs for unpaid rents and other fees claimed due under the contracts between the parties. Plaintiffs filed an amended complaint on April 12, 1979 to which an answer was filed on January 8, 1980. Neither party requested a jury trial.
On January 20, 1983, plaintiffs filed a notice for trial, maintaining that the action was at issue and that "[i]t is estimated that two (2) days for a non-jury trial will be adequate." On March 17, 1983, the court entered an order setting the case for non-jury trial for the trial period beginning July 12, 1983. On March 24, 1983, plaintiffs filed a motion for leave to amend their complaint so as to request a jury trial. No grounds were stated. This motion was denied.
On June 13, 1983, plaintiffs again moved for permission to amend their complaint so as to request trial by jury, this time stating that their prayer for injunctive relief was now moot and that no injustice to defendants nor inconvenience to the court would be occasioned by the request. This motion was denied on June 15, 1983. On July 18, 1983, plaintiffs filed an answer to the counterclaim which had been filed approximately *493 four and a half years earlier, demanding a jury trial "of all issues so triable." Non-jury trial began two days later, July 20, 1983 after the court denied plaintiffs' oral motion that trial should be by jury. Final judgment was subsequently entered against the plaintiffs on their claim and in favor of defendants on the counterclaim and from this judgment the plaintiffs appeal.
Florida Rule of Civil Procedure 1.430 provides:
(a) Right preserved. The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate.
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand thereof in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. The demand may be endorsed upon a pleading of the party.
* * * * * *
(d) Waiver. A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.
The committee notes to Rule 1.430 provide that subdivision (d) is intended to conform with the decisions in Wood v. Warriner, 62 So.2d 728 (Fla. 1953) and Shores v. Murphy, 88 So.2d 294 (Fla. 1956), but that subdivision (d) is not intended to overrule Wertman v. Tipping, 166 So.2d 666 (Fla. 1st DCA 1964). In Wood and Shores the court held that a trial judge may order a jury trial if the demand for trial is made on the day of trial (Wood) or even in the absence of any appropriate demand for jury trial (Shores). In Wertman, the appellate court reviewed the scenario where the trial court denied a belated motion to try the case by jury. The Wertman court stated:
When a motion for jury trial is made after lapse of the ten day period, the trial court is called upon to exercise a sound judicial discretion in determining if the ends of justice require the granting of the motion. If it is plain that justice would be denied if the motion is not granted, the trial judge would have abused his discretion and committed reversible error in denying such motion. However, the burden is on the moving party to establish that justice requires that the motion be granted.
The case here had already been set for trial when the motion was made and to have granted it a postponement of the trial date would have been required. This could have been an inconvenience and handicap to the plaintiffs and also to the court. There are other factors which the trial judge might properly have considered, such as the state of the trial calendar and his own prior commitments of his time, which are not apparent from the record but would be within his peculiar knowledge. The presumption is in favor of the correctness of the order. For this court to overthrow it, the appellant must show that it is clearly erroneous. We do not deem such a showing to have been made.
When the plaintiffs failed to request a jury trial and noticed the case for non-jury trial, the court and the defendants were justified in deeming a jury trial waived and proceeding accordingly. When appellants had a change of heart at such a late date it was incumbent on them to demonstrate not only their desire for trial by jury but also that such procedure would not impose an injustice upon their adversary nor unreasonable inconvenience on the court in the performance of its duties. This they did not do. The request made in March, 1984 made no showing at all. The June request was too late because it was too close to the trial date, as was the demand filed in the belated answer to the *494 counterclaim, filed four and a half years late and two days before trial.
As in Wertman, the plaintiffs effectively waived any right to a jury trial here, and they have failed to demonstrate that the trial court abused its discretion in rejecting their belated request. We find no merit in the other issues raised.
AFFIRMED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.