PETERSON, Judge.
Monique Dalomba Herrera appeals, inter alia, the denial by a predecessor judge of her request for a jury trial. We affirm and address only her contention that the court erred in ordering a nonjury trial.
Herrera did not request a jury trial until two years after the litigation was initiated and after the case had been docketed at least twice for nonjury trial. The litigation began as a mortgage foreclosure by Wee Care on Herrera’s home which secured part of the purchase price of a nursery school business. Herrera counterclaimed, alleging fraudulent misrepresentation and nondisclosure by Wee Care during the negotiations for the purchase of the nursery. Herrera decided to represent herself after her last attorney withdrew on the ground that she had threatened him with a grievance complaint or malpractice action.
At the hearing on the motion for jury trial, the trial court repeatedly expressed its concern about Herrera’s legal competence and ability to follow the rules and court orders. The court stated at one point, “If we can comply with the rules and we comply with my Orders as we go along with it, we may be able to have a jury trial.” The trial court placed the case on *224 the jury trial docket, as it stated later in a written order, “to accommodate and facilitate [Herrera] on the condition that [she] conduct herself in an appropriate man-ner_” The court noted further that it had “reserved the right to proceed without a jury should [she] not comply with [court] directives.”
On the day the jury trial was to begin, a hearing was held on pending motions. During the hearing, Herrera’s mother became angry, stormed out of the courtroom, and walked back and forth in the hallway, screaming in front of prospective jurors. Next, back in the courtroom, Herrera’s father insulted Wee Care’s owner, after which Herrera jumped into the fray, adding her own verbal attack. The trial court then stated that a nonjury trial would be held as it would not allow Herrera to appear before a jury and cause an immediate mistrial.
On appeal, Herrera seems to argue that, although she waived her right to a jury trial by failure to demand one timely, once the court ordered the case placed on the docket for jury trial, she became “vested” with the right.
When a motion for jury trial is untimely, the trial court is called upon to exercise sound discretion in determining whether justice requires the granting of a motion. Wertman v. Tipping, 166 So.2d 666 (Fla. 1st DCA 1964). Rule 1.430(d), Florida Rules of Civil Procedure, provides:
Waiver. A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.
In Altamonte Hitch & Trailer Service, Inc. v. U-Haul Company of Eastern Florida, 468 So.2d 492 (Fla. 5th DCA 1985), review denied, 476 So.2d 672 (Fla.1985), this court noted that Rule 1.430(d) was not intended to overrule the discretionary power of the trial court as described in Wert-man. See In re the Florida Bar, 265 So.2d 21, 40 (Fla.1972). When a party has a change of heart at such a late date, it is incumbent on that party to demonstrate not only the desire for a jury trial but also that such procedure would impose neither an injustice upon the adversary nor an unreasonable inconvenience upon the court in the performance of its duties. Altamonte Hitch & Trailer Service, 468 So.2d at 493. In Wertman, 166 So.2d at 667, the court stated that, when considering an untimely motion for a jury trial, the court may take into account any inconvenience to the court and to the other party, the state of the trial calendar, and prior commitments of the court’s time. Id. On appeal, the presumption is in favor of the correctness of the order. Id.
Whether to grant a jury trial to a litigant who has waived that right is a matter of the court’s discretion and, as the supreme court stated in Shores v. Murphy, 88 So.2d 294, 296 (Fla.1956), one that is “exceedingly broad.” The record reflects that, at Herrera’s first opportunity after the jury trial was docketed, Herrera demonstrated that justice did not require a jury trial. She jumped into the fray initiated by her parents, confirmed her disruptive nature exhibited in earlier hearings, and refused to listen to the trial court when it attempted to remonstrate her. Subsequent denial of a jury trial was within the trial court’s discretion in order to bring the matter to a conclusion in an orderly fashion. The judgment is affirmed.
AFFIRMED.
GRIFFIN, J., and COWART, Judge, Retired, concur.