BERGER, J.
Chubb Custom Insurance Company, (“Chubb”), timely appeals a final judgment in favor of U.T. Investments, LLC, d/b/a Best Vacation Inn, (“U.T.”), in the amount of $3,072.71, despite a jury verdict finding zero damages were owed by Chubb. Chubb contends the record does not support the trial court’s entry of a net judgment in favor of U.T. given a zero jury verdict for U.T. and the unrebutted evidence of prior payments submitted at trial. We agree and reverse.
U.T. owns “The Best Vacation Inn,” a sixty-two room hotel located in Kissimmee, Florida. On August 5, 2009, a fire occurred at the hotel. Thereafter, U.T. sought recovery under its insurance policy with Chubb.
The parties settled U.T.’s claims for contents loss (i.e., business personal property) and business interruption. However, they were unable to settle the claim for building *1018 damages. There remained a dispute over the scope of damages to the building and the cost to repair those damages.[1] Specifically, there was a large difference between what U.T. believed it was owed under the policy for the fire damage ($1,030,849.13) and what Chubb claimed it had already paid ($371,455.76).
The case proceeded to trial, during which the parties were able to reach an agreement on the scope of damage to twelve of the hotel rooms. As to those twelve rooms, the parties agreed damages totaled $188,734.18. The jury was left to decide whether any additional amounts were owed to U.T. by Chubb. The jury determined no other damages were caused by the fire and returned a zero verdict, finding Chubb owed no additional payments to U.T.[2]
Despite the jury’s verdict, U.T. moved for entry of final judgment, claiming that pursuant to the stipulation regarding the “fire rooms” during trial, U.T. was entitled to $188,734.18 minus a set-off of $185,661.47, the only amount U.T. asserts was established during trial as having gone toward “building damages,” leaving a total judgment in its favor for $3,072.71.[3] Chubb opposed U.T.’s motion, asserting, inter alia, that U.T. ignored the unrebut-ted testimony of Chubb’s adjuster, Don Deckers, that he directed payment to U.T. in the amount of undisputed damages for the building claim as set forth in the revised estimate prepared by Madsen Knep-pers & Associates, structural engineers, which prior testimony established was in the amount of $360,364.18.[4] Nevertheless, the court ultimately entered final judgment in U.T.’s favor in the amount of $3,072.71.
A trial court’s finding of fact based on conclusions drawn from undisputed evidence is subject to review by the less restrictive “clearly erroneous” standard of review. See Holland v. Gross, 89 So.2d 255, 258 (Fla.1956). The unrebutted evidence in this case clearly establishes that Chubb paid U.T. no less than $360,364.18 for building damage caused by the August 5, 2009 fire.[5] This amount was clearly in *1019 excess of the $188,734.18 agreed to by the parties.[6] By entering judgment in favor of U.T. in the amount of $8,072.71, the trial court ignored the unrebutted evidence of prior payments on -U.T.’s building claim, as well as the jury’s verdict finding Chubb owed no additional payments to U.T. This was error. Accordingly, we reverse and remand with directions to vacate the final judgment and enter judgment in favor of Chubb.
REVERSED AND REMANDED.
TORPY and JACOBUS, JJ., concur.

. The exact nature of the dispute was set forth in the parties’ joint pretrial statement:
At approximately 2 a.m. on August 5, 2009, the Best Vacation Inn in Kissimmee, Florida suffered a fire in the wall between rooms 211 and 212. The Parties have settled the insured’s claims for contents and business interruption.
The Plaintiff asserts that the roof on the hotel subject to the fire and the adjacent building must be replaced in its entirety. The Defendant contends that the damage caused by the fire can be repaired without replacing the entire roof of the hotel. Plaintiff contends that the fire between rooms 211 and 212 resulted in damage to 45 of the 62 rooms within the effected building. The Defendant asserts that there was damage in no more than 36 of the 62 rooms. The parties disagree on the scope and type of damage in each room that can be attributed to the fire.

. Evidence was presented at trial establishing that Chubb had issued checks to U.T. in the amounts of $50,000.00, $185,661.47, and $135,794.29 totaling $371,455.76.

. U.T. argued that because Chubb’s adjuster could not specifically identify the $50,000.00 check as payment for the structure, the amount could not be applied to set off the agreed amount of $188,734.18.

. Chubb also argued that the checks for $50,000.00 and $185,661.47, which were entered into evidence as joint exhibits, both contained the description, "Type of Payment: Settlement, 5101 Building.”

. The fact that Chubb paid this amount was never at issue until U.T.’s post-verdict motion to enter judgment. Indeed, throughout the trial, including opening statement, closing arguments, and jury instruction, it was clear the only dispute was whether Chubb was required to pay additional payments beyond what was already paid.

. We also note that the net judgment in favor of U.T. was contrary to the parties’ joint pretrial stipulation. However, because Chubb failed to raise the issue below, the argument was not preserved for appeal.