# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2106
Lower Tribunal No. 21-14952
_____


**Arturo J. Pulles,**
Appellant,

vs.

**Michael Onorato,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Corredor & Husseini, P.A., and Maria E. Corredor, for appellant.

Cotzen Law, P.A., and Michael L. Cotzen, for appellee.


Before EMAS, LOBREE and GOODEN, JJ.

EMAS, J.

Arturo Pulles appeals an amended final judgment in favor of Michael Onorato, following a nonjury trial, on his claims for specific performance of a contract for the purchase of residential property in Miami Beach. The single issue raised in this appeal is whether the trial court abused its discretion in denying Pulles' late-filed demand for a jury trial. Finding no abuse of discretion, we affirm.

Florida Rule of Civil Procedure 1.430(b) provides for the manner and timing within which a party may demand a jury trial:

> **Demand**. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. The demand may be indorsed upon a pleading of the party.

Relatedly, subdivision (e) provides:

> **Waiver.** A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties, but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.

Under the rule, the trial court has the discretion to grant a late-filed demand for a jury trial where the moving party meets its burden of demonstrating that it would "impose neither an injustice upon the adversary nor an unreasonable inconvenience upon the court in the performance of its

2

duties." <u>Herrera v. Wee Care of Flagler Cnty., Inc.</u>, 615 So. 2d 223, 224 (Fla. 5th DCA 1993) (cited with approval by this court in <u>Allstate Ins. Co. v. Hidalgo</u>, 753 So. 2d 652 (Fla. 3d DCA 2000). The court's discretion in this regard has been described as "exceedingly broad." <u>Id.</u> (quoting <u>Shores v. Murphy</u>, 88 So. 2d 294, 296 (Fla. 1956)). In addition, there is a presumption in favor of the trial court's determination when reviewing a trial court's denial of a late-filed demand for jury trial. "For this court to overthrow it, the appellant must show that it is clearly erroneous." <u>Wertman v. Tipping</u>, 166 So. 2d 666, 667 (Fla. 1st DCA 1964).

Pulles does not dispute that he served his demand for jury trial <u>more than a year after his answer</u> was filed. He contends, however, that he demonstrated there would be no injustice to the other party and no unreasonable inconvenience to the court, and thus the trial court erred in denying his tardy demand.

In opposition, Onorato filed a motion to strike, contending that a grant of Pulles' untimely demand would increase the costs of the litigation, extend the time in litigating the case, and further burden the trial court's docket. In addition, at the hearing on the motion to strike, counsel for Onorato noted that discovery had been ongoing for more than a year in preparation for a bench trial, including the deposition of a witness who was no longer

3

available. Counsel for Pulles even admitted at the hearing that this was prejudicial to Onorato, but questioned whether it was "sufficiently prejudicial to overcome my client's constitutional . . . right to a jury trial."

The trial court undertook the proper analysis and assessed the competing interests. In its written order denying the untimely demand for jury trial, the trial court stated: "The granting of a jury trial at this stage, after discovery has been taken in preparation for a bench trial, would be prejudicial to the Plaintiff and the expense of a jury trial would be more substantial to the Plaintiff." See Dr. Phillips, Inc. v. L&W Supply Corp., 790 So. 2d 539, 544-46 (Fla. 5th DCA 2001) (the mere fact that a date had not yet been set for the nonjury trial was inadequate to demonstrate it would not be unjust or inconvenient to grant the late request for a jury trial). We find no abuse of discretion in the trial court's determination.

Affirmed.

GOODEN, J. (specially concurring)

I write separately to address the standard of review that persists—or, rather, the standards of review that persist—in this area of the law. It appears that this stems from Wertman v. Tipping, 166 So. 2d 666 (Fla. 1st DCA 1964). The Wertman Court mentions both abuse of discretion and clearly erroneous. Compare id. at 667 ("When a motion for jury trial is made after lapse of the ten day period, the trial court is called upon to exercise a sound judicial discretion in determining if the ends of justice require the granting of the motion. If it is plain that justice would be denied if the motion is not granted, the trial judge would have abused his discretion and committed reversible error in denying such motion."), with id. ("The presumption is in favor of the correctness of the order. For this court to overthrow it, the appellant must show that it is clearly erroneous.").

In my view, these are two different standards of review, and they apply in different contexts. The abuse of discretion standard generally applies to procedural, evidentiary, or equitable decisions of the trial court. See Rachel Canfield, Raise Your Standards: A Practitioner's Guide to the Effective Use of Appellate Standards of Review, Fla. B.J., Nov. 2018, at 39, 42. These decisions are discretionary in nature.

5

Examples include a trial court's rulings on motions for new trial, requests for juror interviews, continuances, or the admissibility of evidence. See, e.g., Marshall v. State, 976 So. 2d 1071, 1076 (Fla. 2007) (motion for juror interview); Brown v. Estate of Stuckey, 749 So. 2d 490, 497 (Fla. 1999) (motion for new trial); Heath v. State, 648 So. 2d 660, 664 (Fla. 1994) (admissibility of evidence); Castro v. State, 547 So. 2d 111, 114 (Fla. 1989) (admissibility of evidence); Myers v. Siegel, 920 So. 2d 1241, 1242 (Fla. 5th DCA 2006) (continuances).

Under this standard, the appellate court provides a level of deference to the trial court.

> In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.

Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980).

On the other hand, clearly erroneous is traditionally a standard of review used by federal appellate courts. It applies to review findings of fact by the trial court in a non-jury trial. See Fed. R. Civ. P. 52(a)(6) ("Findings of fact, whether based on oral or other evidence, must not be set aside

6

unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.").

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). Instead,

> 'clearly erroneous' review is properly focused upon fact-finding processes rather than directly upon fact-finding results. The appellate function is to insure that the process shall have been principled; the function is not authoritatively to find the 'facts' first instance, or to affirm or deny that the facts 'found' by the trial court are the 'actual' facts of the case.

Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 (4th Cir. 1983).

In Florida state courts, the clearly erroneous standard of review applies in limited circumstances—to a trial court's factual findings based on undisputed evidence.[1]  The Florida Supreme Court explained:

---

[1] This standard has seeped into Florida jurisprudence in other ways.  For instance, where Florida has lock-stepped its Constitution with the United States Constitution, such as the Fourth Amendment, courts have parroted the federal clearly erroneous standard.  See Art I, § 12, Fla. Const. ("This

7

A finding of fact by the trial court in a non-jury case will not be set aside on review unless there is no substantial evidence to sustain it, unless it is clearly against the weight of the evidence, or unless it was induced by an erroneous view of the law. A finding which rests on conclusions drawn from undisputed evidence, rather than on conflicts in the testimony, does not carry with it the same conclusiveness as a finding resting on probative disputed facts, but is rather in the nature of a legal conclusion. When the appellate court is convinced that an express or inferential finding of the trial court is without support of any substantial evidence, is clearly against the weight of the evidence or that the trial court has misapplied the law to the established facts, then the decision is 'clearly erroneous' and the appellate court will reverse because the trial court has 'failed to give legal effect to the evidence' in its entirety.

Holland v. Gross, 89 So. 2d 255, 258 (Fla. 1956) (internal citations omitted).

Stated simply, the clearly erroneous standard applies when reviewing findings of fact based on *undisputed* evidence. See, e.g., Chubb Custom Ins. Co. v. U.T. Invs., LLC, 113 So. 3d 1017, 1018 (Fla. 5th DCA 2013); Vietinghoff v. Miami Beach Fed. Credit Union, 657 So. 2d 1208, 1209 (Fla. 3d DCA 1995); Bradley v. Waldrop, 611 So. 2d 31, 32 (Fla. 1st DCA 1992); Greco v. Tampa Wholesale Co., 417 So. 2d 994, 998 (Fla. 2d DCA 1982); In

---

right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court."); Strachan v. State, 199 So. 3d 1022, 1024 (Fla. 4th DCA 2016) (citing federal law and applying clearly erroneous standard to whether an individual has a subjective expectation of privacy). While beyond the scope of this concurrence, it would be worthwhile to see whether the original public meaning of Article I, Section 12 includes adopting the federal standard of review, or simply the scope of the rights involved.

re Donner's Estate, 364 So. 2d 742, 748 (Fla. 3d DCA 1978). Whereas the competent, substantial evidence standard applies when reviewing findings of fact based on *disputed* evidence. See, e.g., Coba v. Tricam Indus., Inc., 164 So. 3d 637, 643 (Fla. 2015) (jury verdicts); Sochor v. State, 883 So. 2d 766, 774 (Fla. 2004) (evidentiary hearings); Swanigan v. Dobbs House, 442 So. 2d 1026, 1027 (Fla. 1st DCA 1983) (final worker's compensation orders); § 120.68(7)(b), Fla. Stat. (administrative decisions).[2]

In any event, I do not believe the clearly erroneous standard of review applies to this type of ruling. The trial court here did not conduct an evidentiary hearing on this issue. There was no evidence presented, and

---

[2] Many cases in Florida jurisprudence do not strictly follow this divide and often use the terms interchangeably. However, in my view, they are not the same, and this is not simply semantics. An appellate court is more restrained under the competent, substantial evidence standard. If the record on appeal discloses any competent, substantial evidence to support the findings, the order must be affirmed. See generally De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957) (for discussion of what constitutes competent, substantial evidence); Wiggins v. Fla. Dep't of Highway Safety & Motor Vehicles, 209 So. 3d 1165, 1173 (Fla. 2017) (same). Indeed, it is possible that a finding could be supported by competent, substantial evidence, but still be found to be clearly erroneous. See United States Gypsum Co., 333 U.S. at 395; Phillip J. Padavano, 2 Fla. Prac., Appellate Practice § 19:6 (2024 ed.) ("Florida law provides a stricter standard for the review of judicial fact finding in nonjury trials and evidentiary hearings than the corresponding standard that applies to factual findings under federal law. 52(a)(6) of the Federal Rule of Civil Procedure provides that 'findings of fact shall not be set aside unless clearly erroneous.' This is a more liberal standard of review in that the appellate court can reverse a trial court decision that it considers erroneous even if the decision does have some evidentiary support in the record.").

the trial court did not make factual findings.  <u>See generally</u> Padavano, <u>supra</u>, § 19:6 ("The special considerations normally governing the review of factual determinations are not present if the trial judge has made a decision solely on written evidence.").  This was a general procedural hearing.  The parties simply made argument.  Indeed, it occurred at the very end of the hearing on plaintiff's motion for summary judgment.  It is my opinion that only the abuse of discretion standard would apply under these circumstances.  Based on the record before us, the trial court did not abuse its discretion.