334 So.2d 75 (1976)
CUNA MUTUAL INSURANCE SOCIETY, Appellant,
v.
Alexander E. ADAMIDES, Appellee.
No. 75-1379.
District Court of Appeal of Florida, Third District.
June 22, 1976.
Smathers & Thompson and Shepherd D. Johnston, Miami, for appellant.
Robert E. Brandt, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*76 PER CURIAM.
Appellant, defendant below, appeals a final judgment entered by the trial court in favor of appellee, plaintiff below.
Appellee filed an amended complaint seeking to recover benefits under a credit life and disability insurance policy issued to the Miami Fireman's Federal Credit Union by appellant, CUNA Mutual Insurance Society. Appellee was an insured under the policy by virtue of his making a loan through the Credit Union. Appellant's amended answer raised as an affirmative defense a policy term excluding coverage of loss where the loss was substantially contributed to by a previously manifested injury or sickness, except where the loss occurred six months after the coverage was otherwise effective. After a non-jury trial, the trial court entered a final judgment in favor of appellee. From this final judgment, entered on July 31, 1975, appellant appeals.
Appellant argues that the trial court erred in entering judgment for appellee because his disability was materially contributed to by a sickness or injury manifest prior to coverage, and resulted in disability within six months of coverage, and, therefore, was not covered under the policy. Appellee argues that the evidence viewed in the light most favorable to him proved a cause of action against appellant under the policy, despite the affirmative defense of the exclusionary "risks not assumed" clause of the policy.
The policy provision relied upon by appellant reads as follows:
"RISKS NOT ASSUMED.
"Cuna Mutual does not assume the risk and no benefit is provided for any loss if any material contributing cause of loss was from sickness or injury which first became manifest prior to the time insurance coverage is otherwise effective under this contract, except for such loss occurring six months after coverage is otherwise effective. Coverage is otherwise effective under this contract for each loan at the date the loan is advanced ..." [Emphasis added.]
"Loss," as used in this provision, is defined in the policy as follows:
"Disability for which a benefit is payable under this contract is hereby defined as that condition of health which by reason of a medically determinable physical or mental impairment renders the member totally and permanently unable to engage in any occupation or gainful activity for remuneration or profit. A member who, because of disability, is unable to perform his usual occupation shall be disabled within the meaning of this benefit only if totally and permanently unable, because of such disability, to engage in any other occupation or gainful activity for remuneration or profit. Qualification for disability, as defined herein, shall be met only if all reasonable medical and surgical treatment which would provide a reasonable probability of removing disability has been accepted by the member."
In our opinion, whether or not the "loss" insured against, in this case the disability of appellee, occurred six months after appellee was covered under the policy was a question of fact which was for the trier of fact to determine. Where, as here, a case is tried before a trial judge without the intervention of a jury, the conclusions he reaches have the weight of a jury verdict. Further, the conclusions of the trial judge come before the appellate court clothed with the presumption of correctness, and in testing the accuracy of such conclusions the appellate court should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in the light most favorable to sustain those conclusions. See, e.g., Alter v. Finesmith, Fla.App. 1968, 214 So.2d 732; Highland Lakes, Inc., v. Art Present Real Estate, Inc., Fla.App. 1962, *77 147 So.2d 348; Lowery v. Rosenberg, Fla. App. 1962, 147 So.2d 321; and 2 Fla.Jur., Appeals § 346. Implicit in the final judgment, entered by the trial court in the instant case, was a finding that the "loss" suffered by appellee occurred more than six months after the policy became effective and, therefore, appellee's loss was not excluded from coverage under the policy. This finding is supported by substantial competent evidence in the record and, pursuant to the rules set forth above, should not be disturbed on appeal by us.
We have carefully considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.