360 So.2d 101 (1978)
Joseph TURNER D/B/a Flair Beauty Shop and Allstate Insurance Company, Appellants,
v.
Emma LORBER and Henry Lorber, Appellees.
No. 77-1013.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 20, 1978.
*102 Weinstein & Bavly, Jeanne Heyward, Miami, for appellants.
Horton, Perse & Ginsberg, P.J. Carroll & Associates, Miami, for appellees.
Before HENDRY and BARKDULL, JJ., and PARKER, J. GWYNN (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by defendants in the trial court from an adverse final judgment awarding $135,000 plus costs to plaintiffs in a personal injury action which was tried without a jury. Defendants raise four points on appeal.
They contend first that the trial court abused its discretion in refusing to allow them to amend their answer to include a request for jury trial. Plaintiff, Emma Lorber, fell and injured her hip in Turner's beauty parlor on December 26, 1975. On March 9, 1976, she and her husband, Henry, filed a complaint against Turner and his insurer. The complaint contained no request for a jury trial. Defendants filed an answer on April 7, 1976, omitting any request for jury trial.
On September 10, 1976, defendants filed a notice for trial, stating that the cause was ready for trial. Pre-trial conference was held on January 7, 1977 and the cause was set for trial on March 7, 1977. Not until January 28, 1977 did defendants seek leave to amend their answer to include a request for trial by jury. This motion to amend was denied on February 1, 1977, and the cause proceeded to trial on the assigned date without a jury.
Florida Rule of Civil Procedure 1.430 provides, in pertinent part:
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. ...
* * * * * *

*103 (d) Waiver. A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion....
(Emphasis supplied.)
Except for the motion to amend and the amended answer, the only pleadings before us are the complaint and the answer. The leading case to interpret the predecessor to this rule in the light of similar facts is Wertman v. Tipping, 166 So.2d 666 (Fla.1st DCA 1964), wherein the court stated:
"Under our Florida Rules of Civil Procedure, either party in a law action may require, as of right, a jury trial on any issue triable of right by a jury, but unless demand ... is served not later than ten days after service of the last pleading the right is deemed waived.
* * * * * *
"When a motion for jury trial is made after lapse of the ten day period, the trial court is called upon to exercise a sound judicial discretion in determining if the ends of justice require the granting of the motion. If it is plain that justice would be denied if the motion is not granted, the trial judge would have abused his discretion and committed reversible error in denying such motion. However, the burden is on the moving party to establish that justice requires that the motion be granted.
* * * * * *
"... The presumption is in favor of the correctness of the order... .
"The right to a trial by jury is a deeply cherished and jealously guarded fundamental precept. It will not be taken away when injustice would be the result. However, our rules do require of a litigant to have this right that he make a simple, unsophisticated, short written demand for it either in his pleading, or separately, within ten days after service of the last pleading. If he doesn't ask for it by then, the court and his opponent may deem it waived and arrange their affairs accordingly. When this almost effortless prerequisite is not met, the tardy litigant must demonstrate that the award of a jury trial will not only be an accommodation of his desires but also will impose no injustice on his adversary and further will not unreasonably inconvenience the court in the performance of its duties. (Footnote and citations omitted.) The appellant-defendant did not meet this burden."
166 So.2d 666 at 668.
The language of the Wertman case adequately covers the situation before us. We find no abuse of discretion by the trial court in failing to allow a trial by jury. But cf. Shores v. Murphy, 88 So.2d 294 (Fla. 1956) and Wood v. Warriner, 62 So.2d 728, (Fla. 1953). (Where trial court granted jury trial without appropriate demand, no abuse of discretion found.)
By their second and third arguments, defendants contend that the trial court erred in finding that defendant Turner was negligent and in holding that plaintiff was not guilty of comparative negligence. Finally, defendants contend that the trial court erred in entering a judgment in an excessive amount.
In order to elucidate our holding on these issues it is necessary to note, first, that the key issue in the case was whether or not there was water standing on the floor where Mrs. Lorber fell, and second, that the record before us reveals no actual findings of fact by the trial judge. As to whether or not the cause of Mrs. Lorber's fall was defendant's negligence in failing to wipe up a wet spot on the floor, the testimony adduced at trial was sharply conflicting. Some witnesses stated there had never been any water standing in the area in which Mrs. Lorber fell, others stated there was such a puddle. The credibility of these witnesses was clearly the key to the outcome of the case. The final judgment offers no findings of fact. It merely orders that Mrs. Lorber recover $100,000 from the defendants and that her husband recover $35,000, plus costs.
*104 It is implicit from this order that the trial judge resolved the conflicts in the testimony by finding the defendants to be negligent. Where a case is tried before a trial judge sitting without a jury, the conclusions he reaches have the weight of a jury verdict and come before this court clothed in the presumption of correctness. We must interpret the evidence in the light most favorable to sustaining those conclusions. Cuna Mutual Insurance Society v. Adamides, 334 So.2d 75 (Fla.3d DCA 1976); DeLalio v. Food Palace, Inc., 330 So.2d 835 (Fla.3d DCA 1976). Therefore, we find no error in the court's implicit finding of negligence on the part of the defendants.
However, it is impossible to ascertain from the record before us whether or not the trial judge also ruled on the question of whether or not Mrs. Lorber was comparatively negligent. No inferences can be drawn from the final judgment as to this issue. While we do not herein decide that the judgment rendered was excessive, the amount awarded makes it appear that the trial court did not consider the question of comparative negligence. Therefore, the issue of damages must be retried in conjunction with the issue of comparative negligence.
Although the questions before us differ, the dilemma presented by the final judgment in this case is not unlike that resolved by the Florida Supreme Court in the recently decided case of Wackenhut Corporation v. Canty, 359 So.2d 430 (1978), wherein trial judges were directed to give reasons to support their conclusions when ordering a new trial as an alternative to remittitur, in order that an appellate court can have a firm basis upon which to review such decisions. Accordingly, we hold that, under the facts of this case, the trial court committed reversible error in failing to indicate in its final judgment whether or not it had considered the question of plaintiff's comparative negligence. In a non-jury trial, the judge should state his findings in a manner which reveals that he has considered each issue necessary to the resolution of the cause.
The trial court's implicit finding of negligence on the part of defendant Turner is affirmed, for this finding is supportable on the record before us. The award of damages is reversed, and the cause is remanded with instructions to retry the question of Mrs. Lorber's comparative negligence, if any, and the amount of damages awarded, and to render a final judgment which accords with the opinion expressed herein.
Affirmed in part, reversed in part, and remanded with instructions.