514 So.2d 391 (1987)
Marcel LEMOINE, Appellant,
v.
James F. COONEY, M.D., et al., Appellees.
FLORIDA PATIENT'S COMPENSATION FUND, Appellant/Cross Appellee,
v.
Marcel Lemoine, Appellee/Cross Appellant, and
Solidea Lemoine, His Wife, James F. Cooney, M.D., et al., Appellees.
Nos. 4-86-1825, 4-86-2827 and 4-86-2905.
District Court of Appeal of Florida, Fourth District.
October 7, 1987.
Rehearing Denied November 20, 1987.
Paul Siegel of Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A., Miami, for Lemoine.
Debra J. Snow and Robert M. Klein of Stephens, Lynn, Chernay & Klein, P.A., Miami, for Cooney.
Nancy P. Maxwell of Metzger & Sonneborn, West Palm Beach, for Florida Patient's Compensation Fund.
LETTS, Judge.
The Florida Patient's Compensation Fund (Fund), a named defendant in a medical *392 malpractice suit, elected to rely on the codefendant doctor's carrier for its defense. As a consequence, it was permitted, through a motion in limine, to merely observe the jury trial and take no part in it, in return for the trial judge's order banning any mention of the Fund during the trial. The plaintiff patient appeals that order. We affirm.
The requirement that the Fund be named as a defendant under Section 768.54(3)(f), Florida Statutes (1985), is obviously for the protection of the Fund to avoid it incurring liability without its knowledge. The Fund played no part in the alleged malpractice and its appearance on the verdict form would be a mystery to the jury which could not be explained. The jury could not be told of the policy limits and that the Fund's sole involvement was to provide excess coverage. See Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971). The important factor is that, the jury came in with a verdict finding no negligence whatever on the part of the doctor. Accordingly, we affirm the trial court ruling on this issue and conclude, under the facts presented, that the plaintiff suffered no prejudice by reason of any failure to mention the existence of the Fund.
The plaintiff patient also argues that the Fund's maneuver, followed by the judge's order, mandates reversal because he was thereby reduced to three peremptory challenges, the parties having previously stipulated to six. We cannot agree. "[W]hen several persons whose interest[s] are common are joined on either side of a civil action, they should be treated as but one party within the meaning of the [rule].[1] The interest of persons on the same side of an action must be essentially or potentially different or hostile to give each litigant the number of peremptory challenges allowed to a party." Bailey v. Deverick, 142 So.2d 775, 776 (Fla. 2d DCA 1962). There can be no doubt that the interests of the doctor and the Fund are neither different nor hostile. Indeed, the Fund relied upon the doctor's underlying carrier to conduct its defense. As a consequence, we cannot say the trial judge abused his discretion for refusing to honor the stipulation and for limiting the plaintiff to three peremptory challenges, particularly since the Fund effectively reduced its role to that of a spectator at the trial.
This reference to the role played by the Fund at trial leads us to affirm another portion of the trial judge's rulings; namely, his refusal to grant the Fund attorney's fees for attendance at trial under Section 768.56 of the Florida Statutes (1983), repealed in 1985. Fees were granted to the Fund up to the time of trial, at which time it chose to sit back and rely on the doctor's defense. The Fund argues that, despite its passive role, counsel was still present at the trial and it was therefore entitled to attorney's fees. A spectator, despite his presence at a football game, is never eligible to be awarded the game ball. The Fund, for self-seeking strategic reasons, chose to be a spectator at the trial. Having done so, we cannot conclude that the trial judge abused his discretion in refusing to award it an attorney's fee.
We do, however, disapprove any portion of the attorney's fee award, entered against the plaintiff patient, which is attributable to paralegal services. The statute refers to "attorney's fees." There is no Florida case which has held that attorney's fees include paralegal services, on the contrary it has been found to be error to award fees attributable to a paralegal. ABD Management Corporation v. Robert L. Turchin, Inc., 490 So.2d 202 (Fla. 3d DCA 1986) and Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986).[2] Accordingly, as to this particular holding by the trial court, we remand for the purpose of determining, if indeed the attorneys cannot agree among themselves, what portion of the award relates to paralegal services. The resulting calculation should be deducted from the attorney's fee award.
*393 Finally, we briefly address the question of attorney misconduct.[3] It is quite apparent from the record that there was misconduct on both sides. As might be expected, the cries of "foul" come now from those whose cause was lost in the trial court. Where each party's attorney engages in vituperation, it would be unfair to the litigant who won in the trial court to lose on appeal merely because his lawyer likewise participated in less than gentlemanly conduct. In so saying, we do not necessarily disagree with our sister court which has taken an adamant and admirable stand against unprofessional conduct during trial. See Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985). The misconduct in the instant case does not rise to the level, or perhaps more appropriately, does not sink to the depths, of that encountered in Borden and we do not believe that the plaintiff sub judice was deprived of a fair trial.
AFFIRMED IN PART, REVERSED IN PART.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] We refer to Florida Rule of Civil Procedure 1.431(d), formerly Section 54.11, Florida Statutes, now repealed.
[2] We note that as of October 1, 1987, the award of attorney's fees shall include the services of "legal assistants." See Ch. 87-260, §§ 1, 2, Laws of Fla. That statute, however, is "prospective only."
[3] The charges are levelled against plaintiff's trial counsel and defense counsel for the carrier. The Fund's lawyer was not involved.