521 So.2d 301 (1988)
JAMES P. DRISCOLL, INC., Appellant/Cross-Appellee,
v.
Theodore B. GOULD and Miami Center Corporation, a Florida corporation, Not Individually but As General Partners of Miami Center Limited Partnership, a Florida Limited Partnership, Appellees/Cross-Appellants.
Nos. 86-2805, 87-29.
District Court of Appeal of Florida, Third District.
March 8, 1988.
Beasley, Olle & Downs and Isaac J. Mitrani, Miami, O'Brien, O'Rourke, Hogan & McNulty and Donald V. O'Brien and Michael Gilman, Chicago, III., for appellant/cross-appellee.
Shutts & Bowen and Barbara E. Vicevich and Karen H. Curtis, Miami, for appellees/cross-appellants.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
Driscoll appeals and Miami Center Limited Partnership (MCLP) cross-appeals a judgment entered after a lengthy and complex nonjury trial based on a $6.7 million electrical subcontract dispute. Driscoll, the electrical subcontractor, also appeals a subsequent order awarding MCLP, the owner of the construction project, prejudgment interest, attorneys' fees and costs.
The trial of this complex case  based on a seven-count complaint and a nine-count counterclaim  required thirty days. Both sides presented lengthy proposed findings of fact; however, the trial judge issued a three-page final judgment stating only its legal conclusions based on the disputed factual issues. The appellant contends that the court should have made findings of fact, and that the facts in the record do not support the judgment.
*302 We affirm the judgment as to the substantive issues because there is sufficient evidence to support a version of the facts which is consistent with the judgment. Where there is competent substantial evidence to support the trial court's conclusions we must affirm. Turner v. Lorber, 360 So.2d 101 (Fla. 3d DCA 1978); Cuna Mut. Ins. Soc. v. Adamides, 334 So.2d 75 (Fla. 3d DCA 1976).[1]
On review of the record we find the evidence ample to support the findings that: (1) Driscoll's mechanic's lien on the Morse/Diesel contract was unenforceable in that no money was owed Driscoll under the lien; (2) credits due to MCLP after the contract with Driscoll was terminated were $750,054.85 based on actual costs; (3) Driscoll breached the contract with Radicon (which was assigned to Miami Center Corporation), thus Driscoll's $74,209.69 lien against Radicon was enforceable for only $45,000; (4) Driscoll's $210,462.55 lien against the Miami Center Limited Partnership was enforceable for only $191,151.19. Furthermore, we can discern no error in the award of $327,936.42 in prejudgment interest.
We reverse the award of costs and attorneys' fees, however, for the following reasons. Charges made by expert witnesses for reports submitted to an attorney, for conferences with an attorney prior to trial, and for waiting at the courthouse to advise the attorney during progress of the trial are not taxable costs. Statewide Uniform Guidelines for Taxation of Costs In Civil Actions, Item 2(b) and 2(f). Inclusion of those items in an award of expert witness' fees exceeded reasonable bounds. See County of St. Lucie v. Browning, 358 So.2d 253 (Fla. 4th DCA 1978).
At the time the final judgment was entered, there was no authority for awarding attorneys' fees for the service of law clerks and paralegals. Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986). Legislation subsequently enacted, which now includes the services of "legal assistants" in an award of attorneys' fees, has no retroactive application, Lemoine v. Cooney, 514 So.2d 391 (Fla. 4th DCA 1987). The award of fees for those services is disapproved.
Affirmed in part, reversed in part and remanded for further proceedings on the matters of fees and costs.
NOTES
[1] Troubled with a similar lack of factual findings in a complex case the Fourth District Court of Appeal noted:

When many items are involved, failure to indicate in a judgment how a sum, less than that claimed, is arrived at, puts counsel for an aggrieved party in a difficult position when he undertakes to secure a review. Not knowing which items have been allowed and which disallowed, he has no way to challenge the result. Thus, the right of review may be jeopardized.
American Motor Inns of Fla., Inc. v. Bell Elec. Co., 260 So.2d 276, 277 (Fla. 4th DCA 1972). See also Banks v. Steinhardt, 427 So.2d 1054 (Fla. 4th DCA 1983); Turner, 360 So.2d 101. Florida trial courts, however, are not required by law to make findings of fact or conclusions of law in nonjury trials.
By comparison Federal Rule of Civil Procedure 52 requires: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon... ."