535 So.2d 306 (1988)
H.H. BASKIN, Jr., Pro Se, Appellant,
v.
GUARDIANSHIP OF Wilna T. BASKIN, Incompetent, Appellee.
No. 87-3504.
District Court of Appeal of Florida, Second District.
November 30, 1988.
Rehearing Denied December 29, 1989.
*307 H.H. Baskin, Jr. of Law Offices of H.H. Baskin, Jr., Clearwater, Pro se.
F. Wallace Pope, Jr., of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clear-water, for appellee.
CAMPBELL, Chief Judge.
In this appeal, appellant questions the propriety of an award of attorney's fees to a law firm pursuant to section 744.424(1), Florida Statutes (1985), for services rendered to the guardian of the property of an incompetent between October 10, 1986 and June 4, 1987.
Appellant raises as his first issue on this appeal the failure of the trial judge to properly comply with Florida Patients' Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), by specifically setting forth his findings as to the reasonable number of attorney hours found necessary to benefit the guardianship and his finding as to the reasonable hourly rate to be fixed and allowed for the attorney hours he finds reasonably expended. We agree that there was a failure to so comply with Rowe and, on remand, such findings should be specifically set forth to support any award of attorney's fees.
Appellant's second issue challenges the propriety of including in the award of fees hours expended and specific charges that were attributable solely to legal assistants or paralegals. We agree with appellant and with the reasoning in James P. Driscoll, Inc. v. Gould, 521 So.2d 301 (Fla. 3d DCA 1988); Lemoine v. Cooney, 514 So.2d 391 (Fla. 4th DCA 1987), pet. for rev. denied, 523 So.2d 577 (Fla. 1988); ABD Management Corp. v. Robert L. Turchin, Inc., 490 So.2d 202 (Fla.3d DCA 1986) and Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986), that at the time the services were rendered to the guardianship in this case, there was no authority for awarding attorney's fees for the services of law clerks and paralegals.
We further agree with those cases, however, that the trial court may award attorney's fees for the time found to have been spent by an attorney in directly supervising such legal assistants or paralegals. On remand, the court should make specific findings as to any such supervisory hours expended by an attorney and a reasonable fee to be charged for such supervisory time.
Appellant, in his final issue in this appeal, challenges as a failure to comply with Rowe the attorney's use of a "printout" *308 as evidence of services performed rather than introducing into evidence contemporaneously maintained detailed time records depicting the actual time expended by the attorneys on the case. This court has previously held that it is not a requirement of Rowe that attorney hours must be proved by such contemporaneous written time records. The Glades, Inc. v. The Glades Country Club Apartments Association, Inc., 534 So.2d 723 (Fla.2d DCA 1988). We, therefore, reject appellant's challenge to the manner of proof of the attorneys' time expended in the case.
Reversed in part and affirmed in part and remanded for further proceedings consistent herewith.
SCHEB and FRANK, JJ., concur.