609 So.2d 152 (1992)
STATE of Florida, Appellant,
v.
Fred CARDOSA, Appellee.
No. 92-266.
District Court of Appeal of Florida, Fifth District.
December 4, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellee.
*153 PER CURIAM.
The State appeals an order suppressing evidence. The issue is whether the police officer's stop of the defendant's vehicle was pretextual. The standard in such cases is an objective one[1] and is not a subjective one where the court is required to accept an officer's statement of the officer's intentions and conduct. This type of case always involves a question of fact and the trier of the fact, the trial judge, determines the facts, including, always, the credibility of the witnesses. Appellate courts do not reverse findings of fact by the trial judge which are either supported by competent admissible evidence or which depend upon the trial court crediting essential testimony.
AFFIRMED.
COWART and HARRIS, JJ., concur.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially.
While I concur the order should be affirmed I cannot sign on to the proposition that the trial judge always determines the credibility of a witness. There can be a case where the transcript of testimony reveals a patent lie which is ignored by a trial judge and upon which the order is based. In that instance an appellate court can intercede. Such is not the case here because the record amply supports a finding that the stop was pretextual. I might add that a number of cases come through this court in which an apparent pretextual stop is involved but absent a finding by the trial judge that such occurred, this court does not interfere.
As to the authority and propriety of an appellate court to overrule the trial court in the interest of justice, even though there is evidence to support the trial judge, see generally Miller v. First American Bank & Trust, 607 So.2d 483 (Fla. 4th DCA 1992). In that excellent opinion, Associate Judge Schwartz (a judge of the Third District Court of Appeal sitting as an associate on the Fourth District Court of Appeal writing for the Fourth District Court of Appeal) succinctly sets out when and why a trial judge must be reversed even in the face of the "evidence."
NOTES
[1] Kehoe v. State, 521 So.2d 1094 (Fla. 1988); Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991); Monroe v. State, 543 So.2d 298 (Fla. 5th DCA 1989).