679 So.2d 80 (1996)
Richard T. FERRY, Appellant,
v.
Gerald J. ABRAMS, A1A, d/b/a Abrams Architects, Appellee.
No. 95-2709.
District Court of Appeal of Florida, Fifth District.
September 12, 1996.
Richard E. Torpy of Frese, Nash & Torpy, P.A., Melbourne, for Appellant.
Frank W. Fulmer of Frank W. Fulmer, Esquire, PA., Maitland, for Appellee.
ANTOON, Judge.
Gerald J. Abrams, an architect, sued Richard T. Ferry for breach of contract, seeking payment for professional services rendered. Much of the testimony presented at the nonjury trial concerned whether Mr. Ferry individually, or Sports Med, Inc., Mr. Ferry's under-financed corporation, was liable for the professional fees. Early in the trial, the court reminded counsel that the issues were: what work was performed by the architect, which party the architect dealt with, and which party was responsible for the payment of the professional fees. At the conclusion of the evidence, the trial court entered judgment against Mr. Ferry for the full amount of the fees plus interest. On appeal, Mr. Ferry challenges this ruling, arguing that the trial court erred in failing to set forth findings of fact to support its ruling, and that the ruling is "manifestly against the weight of evidence presented." We affirm.
Mr. Ferry cites neither a statute nor a rule of court to support his contention that the trial court was required to set forth *81 findings of fact. However, he cites Turner v. Lorber, 360 So.2d 101 (Fla. 3d DCA 1978), which is distinct from the instant case. In this regard, Turner was a slip and fall negligence case wherein the reviewing court was unable to determine whether the trial court had considered the defendant's comparative negligence claim because no findings of fact were set forth in the final judgment. The district court reversed the final judgment, holding that "under the facts of the case" the trial court's failure to indicate whether it had considered the comparative negligence issue was error. Id. at 104. In comparison, the trial court in the instant case cogently set forth the issues requiring resolution, and by its ruling resolved those issues. Specific findings of fact are not necessary to determine whether these issues were considered.
In support of his assertion that the trial court's ruling was against the manifest weight of the evidence, Mr. Ferry argues that the testimony of the architect's witness should have been disregarded by the trial court because the testimony was biased and not credible. Mr. Ferry further suggests that if this testimony were stricken from the record, there would be a lack of substantial competent evidence to support the trial court's ruling.
It is the role of the finder of fact, whether a jury or a trial judge, to resolve conflicts in the evidence and to weigh the credibility of witnesses. Great deference is afforded the finder of fact because it has the first-hand opportunity to see and hear the witnesses testify. Here, the trial court was presented with conflicting evidence which the court resolved in favor of the architect. Because the record contains sufficient competent evidence to support the trial court's ruling, this court cannot substitute its judgment for that of the trial court. State v. Cardosa, 609 So.2d 152 (Fla. 5th DCA 1992).
AFFIRMED.
PETERSON, C.J., and DAUKSCH, J., concur.