SHEVIN, Judge.
We grant the petition for certiorari review, finding that the court departed from the essential requirements of law in denying the motion to set the cause for jury trial. See Spring v. Ronel Refining Inc., 421 So.2d 46 (Fla. 3d DCA 1982). Whenever possible, “[questions as to the right to a jury trial should be resolved, if at all possible, in favor of the party seeking the jury trial, for that right is fundamentally guaranteed by the U.S. and Florida Constitutions.” Hollywood, Inc. v. City of Hollywood, 321 So.2d 65, 71 (Fla.1975). In this case, petitioners’ action for breach of loyalty, misappropriation of trade secrets, tortious interference with business relationships and conspiracy to tortiously interfere were properly triable before a jury. Moreover, despite the untimely request for a jury trial, petitioners demonstrated that the jury trial “will impose no injustice on [their] adversaries] and further will not unreasonably inconvenience the court in the performance of its duties.” Turner v. Lorber, 360 So.2d 101, 103 (Fla. 3d DCA 1978). We note that the cause was calendared for jury trial three months in advance of trial date. In fact, despite denying the jury trial request, the case remained on the docket for the same date. We, therefore, grant certio-rari and quash the order denying the motion for jury trial.
Certiorari granted.