W. SHARP, Judge.
Wilfredo Ortiz and his parents, Felix Ortiz and Lillian Rivera, appeal from an *555 order and final judgment awarding costs and attorney fees to SunTrust, one of the defendants below in a personal injury suit. The lower court previously entered summary judgment in favor of SunTrust and this court affirmed. Ortiz v. Suntrust, 701 So.2d 1263 (Fla. 5th DCA 1997).
We find no error in the awards made below except with regard to costs for case evaluations prepared by three expert witnesses: Dr. Thomas Hegert (a medical examiner); Dr. Jane Mattson (a pediatric life care planner); and William Charvat (an architect and building design expert). The cause of action concerned the serious injury to a young child caused by the child becoming entangled in a vertical blind cord in his parents’ apartment. SunTrust also referred to Charvat’s deposition testimony in its motion for summary judgment.
It appears these evaluations were necessary either for the motion for summary judgment or to enable SunTrust to prepare for trial. Thus the awards per se are not an abuse of discretion. See Orlando Regional Medical Center v. Chmielew-sk% 573 So.2d 876 (Fla. 5th DCA 1990), rev. denied, 583 So.2d 1034, 1036 (Fla. 1991).
However, the Statewide Uniform Guidelines for Taxation of Costs in Civil Cases provide:
2. Expert Witnesses
A. Charges made by the expert for examinations or inspections or research prior to trial for purpose of enabling witness to express expert opinions. Such charges should be considered by the Court in setting a reasonable fee, especially in such cases as Eminent Domain where the expert must thoroughly inspect the property, check comparable sales, etc. The Court should consider the nature of the expert testimony; whether or not the expert witness was really needed; the entire facts and circumstances or the case; and then award such monetary sum for preparation as the facts of the case warrant.
B. Charges made by expert witnesses for reports submitted to or conferences with attorney prior to trial. Such charges or costs should not be taxed.
It is not clear from the record what, if any, part of the costs taxed for these three experts in relates to charges made for reports, which are not taxable, or relates to inspection or research for the purpose of enabling the witness to express an expert opinion, which are taxable under the guidelines. See also James P. Driscoll, Inc. v. Gould, 521 So.2d 301 (Fla. 3d DCA 1988). Accordingly, we remand this cause to the trial court to determine what portion of the costs or fees charged in this case represents taxable costs under the guidelines.
AFFIRMED in part; REVERSED and REMANDED for further proceedings.
DAUKSCH and THOMPSON, JJ., concur.