THOMPSON, C.J.
This appeal of an order awarding attorney’s fees and costs arises out of a construction dispute between James and Nancy Dow (“Dows”) and John A. McKinley (“McKinley”), the contractor they hired to build their single-family home. We reverse.
After the Dows refused to pay McKinley’s final invoice of $56,096.87, McKinley filed a mechanic’s lien in that amount and a complaint, which included four counts: foreclosure of lien, breach of contract, un *1018 just enrichment, and for goods sold and delivered and services rendered. The Dows’ amended answer contained four affirmative defenses and three counterclaims; one of the counterclaims alleged breach of contract for failure to construct many aspects of the house properly.
The ease was tried without a jury. The court determined that McKinley prevailed concerning his count to foreclose on the lien. At the same time, the trial court found that the Dows prevailed on their counterclaim regarding unsatisfactory construction and awarded the Dows $37,900 in damages. This resulted in a net judgment of $16,026.98 in McKinley’s favor. After determining that McKinley prevailed pursuant to section 713.29, Florida Statutes (1997), the trial court entered an order finding that 355 hours were reasonably expended in this case and that, with a reasonable hourly rate of $175, a total fee award of $62,125 was appropriate. The court also awarded costs in the same amount sought by McKinley’s counsel.
McKinley sought $56,086.87 in his initial complaint, yet after the trial court subtracted out the various items McKinley had failed to construct adequately per the Dows’ counterclaim, he was awarded less than 30% of his original claim of $56,086.87. However, the trial court did not address whether it should reduce the total fee award based on the results obtained. The trial court abused its discretion in not considering whether to reduce tile fee award based on the extent of Capps’ success.[1] See Shipwatch Dev. Corp. v. Salmon, 646 So.2d 838 (Fla. 1st DCA 1994)(holding in a very similar case that although awarding attorney’s fees was appropriate, the trial court erred “by not adjusting the lodestar fee based on the extent of success achieved by counsel for [the contractor]”)[2]; see also Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Fashion Tile & Marble, Inc. v. Alpha One Constr. & Associates, Inc., 532 So.2d 1306 (Fla. 2d DCA 1988).
The trial court also abused its discretion in making its cost award. McKinley commissioned an appraisal inspection of the home at a cost of $350 because he believed it was important to establish to the trial court the value of the home as it related to the costs that had been paid and unpaid by the Dows. The written appraisal, however, was not submitted into evidence at trial. Charges for reports like this are not taxable, thus this cost should not have been awarded and the trial court abused its discretion in doing so. See Ortiz v. SunTrust, 734 So.2d 554 (Fla. 5th DCA 1999)(citing Statewide Uniform Guidelines For Taxation of Costs in Civil Actions, court points out that costs for reports are not taxable). McKinley’s last affidavit as to his costs includes a $30 recording fee. During the hearing on the motion to tax fees and costs, McKinley’s counsel conceded that he did not even *1019 know what this fee represented. The trial court abused its discretion in awarding this $30 cost. The trial court also taxed the Dows for McKinley’s having paid $555.22 for a copy of the trial transcript. The cost of a trial transcript is not generally taxable without a showing of its use or purpose. See Centex Rooney Constr. Co., Inc., v. Martin County, 725 So.2d 1255, 1262 (Fla. 4th DCA 1999)(“there was no evidence that the daily or expedited [trial] transcripts were used at trial, nor did the court make any finding at all regarding the necessity of the expedited transcripts. We therefore reverse this award”); cf. Martin v. Marlin, 528 So.2d 943 (Fla. 3d DCA 1988)(abuse of discretion to tax costs for transcripts absent evidence that item served useful purpose).
REVERSED and REMANDED for proceedings consistent with this opinion.
GRIFFIN and PALMER[3], JJ., concur.

. We also note for the benefit of the trial court upon remand that Capps' time records reflect 332.8 hours of work, not 355 hours worth of work. The error is understandable in light of Capps' erroneous affidavit, which suggested that 355 hours were spent on the case; however, we point out that the record reflects that there was no competent evidence of 355 hours having actually been expended. See Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720, 723-24 (Fla. 5th DCA 1999)(win-ning party "has the burden of showing the amount of fees and/or costs he was entitled to recover"); Brake v. Murphy, 736 So.2d 745 (Fla. 3d DCA 1999)("[g]enerally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the reward without remand”).

. It is true that a prevailing party can avoid the allocation of his time based on the claims he succeeded on and did not succeed upon if he can prove the claims were interrelated and that the unsuccessful claims did not substantially increase the attorneys’ fee incurred. See Danis Indus. Corp. v. Ground Imp. Techniques, Inc., 629 So.2d 985 (Fla. 5th DCA 1993). Here, however, the trial court failed to determine whether these claims were so interrelated as to prohibit allocation.