837 So.2d 1078 (2003)
A.D., Father of J.D., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D02-1068.
District Court of Appeal of Florida, Fifth District.
February 7, 2003.
Carol Ann Volini, Ocala, for Appellant.
Ralph J. McMurphy, Department of Children & Families, Wildwood, for Appellee.
*1079 THOMPSON, C.J.
A.D., the father, appeals an order adjudicating his child dependent. We affirm.
Section 39.01(2), Florida Statutes, defines "abuse" as:
[A]ny willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired. Abuse of a child includes acts or omissions....
"Harm" includes engaging in violent behavior that demonstrates a wanton disregard for the presence of a child, section 39.01(30)(i), and includes domestic violence committed in the presence of a child, F.R. v. Department of Children and Families, 826 So.2d 449 (Fla. 5th DCA 2002).
Section 39.01(45) defines "neglect" as:
[W]hen a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter, or medical treatment or a child is permitted to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired....
"Within the context of the definition of `harm,' the term `neglects the child' means that the parent or other person responsible for the child's welfare fails to supply the child with adequate food, clothing, shelter, or health care, although financially able to do so or although offered financial or other means to do so." § 39.01(30)(f), Fla. Stat.
In the instant case, the trial court found that the father had neglected the child and that he had abused it on one occasion. The father admitted that he never paid support for the child. According to the father, he did not provide support before he was adjudicated the father because he did not know the child was his. The father provided no support in the months preceding the hearing, although he had been working. The mother testified that the father never provided shelter for her and the child. By the time the hearing took place, the father had an apartment, but during the mother's pregnancy he and the mother stayed in a car, a laundry shed, and a tent. Shortly after the birth, a domestic violence injunction was issued against him.[1] The father was eventually allowed supervised visitation, but testified that he stopped the visitation because the injunction became an issue. A social worker testified that during visitations the father was more interested in arguing with the mother than with visiting the child. The social worker heard the father tell the mother that he wanted to sign surrender papers because if he could not have her, he did not want the child. The mother testified that the father had never shown any emotional attachment to the child. Further, she testified that the father only exercised two or three visitations.
The mother testified that after entry of the injunction, the father used his car to block the car she was using, and thus prevented her, her step-father, and the child from leaving a parking lot. A witness testified that she had seen the father grab and push the mother on several occasions. On one occasion, according to this witness and another, the father ejected the mother and child from their residence at two o'clock in the morning when the temperature was 27 degrees.
In order to adjudicate a child dependent, the trial court must find by the preponderance of the evidence that the child has been abused, abandoned, or neglected, or is at substantial risk of imminent abuse, abandonment, or neglect. *1080 M.J.S. v. Department of Children and Families, 764 So.2d 825 (Fla. 2d DCA 2000). It is the role of the finder of fact, whether a jury or a trial judge, to resolve conflicts in the evidence and to weigh the credibility of witnesses. Ferry v. Abrams, 679 So.2d 80, 81 (Fla. 5th DCA 1996). Great deference is afforded the finder of fact because it has the first-hand opportunity to see and hear the witnesses testify. Id. Here, the trial court found that the father had neglected the child by failing to provide support. Further, the court found that the father abused the child by ejecting the mother and child on a cold morning. Finally, although there was no direct evidence that the child was present during the incidents of domestic violence, the child was present when the father spent his visitation arguing with the mother. Because there was competent, substantial evidence that the child was dependent, the order of adjudication is affirmed.
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] There were two other injunctions against him for the benefit of two other women.