904 So.2d 588 (2005)
C.W., Appellant,
v.
DEPT. OF CHILDREN & FAMILY SERVICES, Appellee.
No. 3D04-1382.
District Court of Appeal of Florida, Third District.
June 15, 2005.
*589 Sylvia A. Thompson, Miami, for appellant.
Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein, and Douglas H. Stein, Miami; and Calianne P. Lantz, for appellee.
Before LEVY, C.J., and RAMIREZ, and ROTHENBERG, JJ.
RAMIREZ, J.
C.W., the natural mother, appeals the trial court's order of dependency, the order of disposition and acceptance of case plan, and the order denying her motions for new trial and/or rehearing. We affirm concluding that the trial court did not abuse its discretion in any of its rulings, and that the court's dependency order was well supported by competent and substantial evidence.
C.W.'s daughter suffers from chronic kidney disease. The department initiated this action by attempting to take the child into custody, alleging that the child needed medical supervision, that the child's whereabouts were unknown, and that the mother had removed the child from the hospital against medical orders. The trial court entered its Dependency Order and one year later, the child was located in Georgia. The department then took the child into custody, and the hospital admitted the child for care and treatment. The trial court thereafter prohibited the mother from having face-to-face contact with the child, allowed the mother to have supervised telephone contact with the child, and appointed a Guardian Ad Litem. The court determined that the mother had medically neglected the child and that the child was at imminent risk of harm.
In its Dependency Petition, the department alleged that the mother abused, abandoned, or neglected her child by failing to provide the child with adequate health care, which the mother was financially able to provide. The department outlined various incidents in which the mother failed to adequately care for the child, all of which contributed to the child's deteriorated health condition. At trial, Dr. Carolyn Abitol, the child's attending physician, testified that the child's medication was critical to her treatment. If the child was deprived of the medication, the deprivation can expedite her disease and the need for a kidney transplant. The mother did not testify.
*590 In dependency proceedings, the department has the burden to show that a child has been neglected by providing competent and substantial evidence of that neglect. See A.D. v. Dep't of Children and Families, 837 So.2d 1078, 1080 (Fla. 5th DCA 2003). After a review of the record evidence, we conclude that the department satisfied its burden of proof. The trial court's determination that the mother abused, abandoned, or neglected her child by failing to provide the child with adequate health care was supported by competent and substantial evidence.
It was undisputed that the mother was well aware of the child's medical condition, that the failure to provide the child with critical medications can endanger the child's life, and that the child's condition generally improved during the child's hospital care and treatment. The mother, however, removed the child from the hospital unannounced. For a period of one year, the mother did not contact the child's treating physicians. When the child was located, the department had to place the child in the hospital for immediate medical attention. The child was not on her needed medications and had gained substantial weight. The mother offered no explanation for her failure to provide her daughter with medications and adequate health care during this time. We find that the mother effectively interfered with the child's medical care and treatment and such interference constituted sufficient evidence of neglect and abandonment.
We also reject the argument that the trial court abused its discretion in its reliance on the testimony of Dr. Abitol. Determinations regarding the weight of the evidence or the credibility of witnesses fall within the province of the finder of fact and will not be disturbed on appeal. See A.D., 837 So.2d at 1080. See also Southwin, Inc. v. Verde, 806 So.2d 586, 588 (Fla. 3d DCA 2002). Even if the doctor's testimony was indeed conflicting, there was no testimony that could discredit the doctor's testimony in its entirety and in any meaningful way. There was no record evidence that this doctor misdiagnosed the child's kidney problem, that she provided an inaccurate prognosis, or that she failed in the treatment of the child's problem.
The mother argues that the trial court erroneously relied upon a discharge summary report because the report constituted inadmissible hearsay evidence, and that the contents of the summary were unreliable and untrustworthy. Section 90.704, Florida Statutes (2004), provides that:
If the facts or data are of a type reasonably relied upon by experts in the subject to support the opinion expressed, the facts or data need not be admissible in evidence.
Medical doctors routinely rely on discharge summaries to reach an opinion. Even if the discharge summary was improperly admitted, in light of the strength of Dr. Abitol's testimony, and the undisputed evidence that the child at times received no medication while under the care of the mother, the error was harmless.
Affirmed.