# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-12
Lower Tribunal No. 13-1424

————————————

### Samuel H. Hall, Jr., and Yassin S. Hall,
Appellants,

vs.

### Elsa Emily Hall, etc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Avila Rodriguez Hernandez Mena & Ferri and Wilfredo A. Rodriguez, for appellants.

Chepenik Trushin and Bradley H. Trushin and Stacy B. Rubel; Andrew C. Simpson (Christiansted, VI), for appellee.

Before LAGOA, SALTER and SCALES, JJ.

SALTER, J.

This is an appeal from adversary proceedings in the probate court—an undue influence claim and petition to revoke the probate of a will and trust. The trial court devoted two weeks of trial time to the claims, carefully considered evidentiary rulings relating to the expert psychiatric witnesses, viewed a video of the decedent's execution of the self-proving will, and committed no error in denying the petition.

Ordinarily the appellate phase of this intra-family dispute—launched by the appellants against a logical and equitable program of lifetime gifts and transfers after death by a mother of four and grandmother of three—would be consigned to "a quiet interment in the form of a PCA."[1] We affirm, and write only to reiterate a fundamental tenet of appellate advocacy.

<u>The Light Most Favorable</u>

The "light most favorable" is not a reference to a Florida sunrise. The appellants are obligated to provide a statement of facts and to interpret the evidence in the light most favorable to sustaining the conclusions of the finder of fact. <u>Turner v. Lorber</u>, 360 So. 2d 101, 104 (Fla. 3d DCA 1978). Expressed another way, "Where there is competent substantial evidence to support the trial court's conclusions we must affirm." <u>James P. Driscoll, Inc., v. Gould</u>, 521 So. 2d 301, 302 (Fla. 3d DCA 1988) (citing <u>Turner</u>).

---

[1] <u>University of Miami v. Exposito ex rel. Gonzalez</u>, 87 So. 3d 803, 812 (Fla. 3d DCA 2012) (Schwartz, S. J., specially concurring).

The presentation of the record by the appellants in their initial brief in the present case is not a summary of the evidence in the light most favorable to the trial court's findings. For example, the trial court found that the appellants were not credible, and this conclusion is supported by inconsistencies in their testimony.

The undue influence claim regarding the late Mrs. Hall's testamentary capacity was rejected based on the testimony of persons present at the execution of the challenged documents and expert testimony following a review of medical records and videotape of the decedent.[2] The appellee's expert regarding mental capacity was a board-certified physician with an M.D. degree from Yale University, a residency at Harvard, and board certification in geriatric psychiatry, serving as medical director of Miami Jewish Health Systems and as an associate professor at the University of Miami Medical School.

The record, viewed in this required light, further establishes that the challenged documents were properly executed, that they were prepared at the request of the decedent, and that they were not actively procured by the appellee (a daughter) serving as personal representative under the will. The appellee established that she was not a substantial beneficiary under the trust.

---

[2] The trial court also watched the video of the 2011 will-signing. The video was played in open court and admitted into evidence.

For these reasons, the trial court's "Order Denying Petition for Revocation of Probate of Will and Trust" is affirmed, as is the subsequent order denying rehearing.

Affirmed.