# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-888
Lower Tribunal No. 10-43814
_____

**Morris A. Ashear,**
Appellant,

vs.

**Seth Sklarey,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

P.A. Bravo, P.A., and Paul Alexander Bravo; Matthew Estevez, P.A., and Matthew Estevez, for appellant.

Michael A. Vandetty, P.A., and Michael A. Vandetty, for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

LAGOA, J.

The appellant, Morris A. Ashear ("Ashear"), appeals from a final judgment vacating and setting aside a tax deed issued to him. We affirm in part, reverse in part, and remand for further proceedings.

I.     FACTUAL AND PROCEDURAL HISTORY

The appellee, Seth Sklarey ("Sklarey"), was the owner of property located in Coconut Grove, Florida, on which a tax certificate had issued on June 1, 2007. On the morning of August 5, 2010, a tax deed auction took place, and Ashear was the successful bidder in the amount of $20,700 for the certificate at issue. A tax deed was subsequently issued to Ashear on August 6, 2010.

On August 12, 2010, Sklarey filed a complaint against Ashear, Harvey Ruvin, Clerk of the Circuit Court of Miami-Dade County ("the Clerk"), and Fernando Casamayor, Tax Collector of Miami-Dade County ("the Tax Collector"), seeking to set aside the tax deed issued to Ashear. Sklarey alleged that due to fraud, mistake, or wrongdoing that occurred at the tax deed auction on August 5, the property was not sold to the "highest and best bidder" in violation of Florida Statutes. Sklarey also alleged that after the auction, he tendered full payment of the taxes owed on the property on the afternoon of August 5, but that the Tax Collector's office refused his payment. Sklarey further alleged that the Clerk's office instructed him to return the next day, August 6, in order to speak with a supervisor in the Clerk's office. Sklarey arrived at the Clerk's office on August 6

2

at 8 a.m., and was informed shortly after 9 a.m. that the tax deed had been recorded at 8:38 a.m. that day. Sklarey claimed that the Tax Collector's office's refusal to accept his payment of the taxes, "despite the fact the sale was not complete and the Tax Deed had not yet been recorded," violated Florida Statutes and that the tax deed must be vacated and set aside.

The Tax Collector subsequently filed a motion to require Sklarey to deposit into the court registry the full sum required to redeem the property as of August 5, 2010. On October 18, 2010, the trial court entered an order directing Sklarey to deposit $20,700 into the court registry. Sklarey deposited the funds into the court registry the same day.

On January 19, 2012, Ashear filed an amended answer, affirmative defenses, counterclaim, crossclaim and third party complaint. Ashear alleged an action for quiet title, and pled in the alternative that if his tax deed were to be found invalid, that "the court [should] determine in its final judgment that . . . [Ashear] holds a good and valid lien on the subject real property for the amount of money paid by [Ashear] for the tax deed, together with interest, per annum, from the date of the tax deed."

The matter proceeded to a bench trial on February 18, 2015. Sklarey presented the testimony of Luis Mendoza ("Mendoza"), the supervisor for delinquent real estate taxes at the Tax Collector's office. Mendoza testified

3

regarding the process for paying taxes in the Tax Collector's office in August 2010. Mendoza testified that the Tax Collector's office does not accept payment from a property owner to redeem property if the Clerk's office has placed a "flag" on the property; a "flag" indicates that the tax certificate has been sold and that "the taxes are no longer due." The hours for the Tax Collector's office on August 5, 2010, were 8:00 a.m. to 4:30 p.m.

Vanessa Ceide ("Ceide"), the tax deed operations officer for the Clerk also testified. Ceide testified that on August 6, 2010, she arrived at work before 8:00 a.m. and was advised that a person who had a complaint about a sale from the previous day was waiting to speak with her. At 9:00 a.m., when the Clerk's office opened to the public, she informed Sklarey that the deed had been recorded at 8:38 that morning. Ceide also testified that she reviewed the tax deed on the evening of August 5, but it contained a typographical error. She therefore instructed her assistant clerks to correct the error. As a result, Ceide executed the tax deed on the morning of August 6.

Sklarey testified that he attended the tax deed auction on the morning of August 5, but was not the successful bidder. After the auction concluded, he went to the bank and returned on the afternoon of August 5 to the Tax Collector's office with two cashier's checks in an amount sufficient to redeem the property. Sklarey testified that he was at the tax collector's office "just after 4" on August 5, but that

4

the cashier would not accept his payment. He went to the Clerk's office at 8:00 a.m. the following day, August 6, and was informed by Ceide shortly after 9:00 a.m. that the tax deed had been recorded that morning.

Gideon Glatsiani ("Glatsiani") Ashear's business partner, testified on behalf of Ashear. Glatsiani bid on Ashear's behalf on the morning of August 5. Glatsiani testified that he placed the winning bid at the auction and that he made payment by cashier's check within an hour after the conclusion of the auction. Glatsiani also testified that he picked up the deed from the Clerk's office on August 6.

The trial court entered final judgment on March 2, 2016. The trial court found that Sklarey "was ready, willing, and able to redeem the property on August 5, the day of the tax deed sale, and on August 6 during the Tax Collector's regular business hours, before the execution and recording of the tax deed. Although he tendered payment, it was not accepted through no fault of his own. Under such circumstances, the redemption should have been allowed." (emphasis in original) The trial court vacated and set aside the tax deed issued to Ashear. The trial court also ordered that the $20,700 in funds held in the court registry "shall be disbursed forthwith to the Miami-Dade County Tax Collector and applied towards the currently delinquent property taxes assessed against the subject property." This appeal ensued.

II.    STANDARD OF REVIEW

In reviewing a judgment rendered after a bench trial, "the trial court's findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous." Emaminejad v. Ocwen Loan Servicing, LLC, 156 So. 3d 534, 535 (Fla. 3d DCA 2015) (quoting Stone v. Bank United, 115 So. 3d 411, 412 (Fla. 2d DCA 2013)). "Thus, they are reviewed for competent, substantial evidence." Underwater Eng'g Servs., Inc. v. Util. Bd. of City of Key West, 194 So. 3d 437, 444 (Fla. 3d DCA 2016); see also Hall v. Hall, 190 So. 3d 683, 684 (Fla. 3d DCA 2016). A trial court's application of the relevant statutes to its factual determinations is reviewed de novo. See Stock Bldg. Supply of Fla, Inc. v. Soares Da Costa Constr. Servs., 76 So. 3d 313, 316 (Fla. 3d DCA 2011).

III.    ANALYSIS

On appeal, Ashear argues that the trial court's finding that Sklarey was "ready, willing, and able to redeem the property" is not supported by the evidence presented at trial. Our review of the record reveals that the trial court's findings of fact on this issue are supported by competent, substantial evidence. We note that Mendoza's testimony neither supported nor contradicted Sklarey's assertion that he was prevented from paying his taxes at the Tax Collector's office.[1] Additionaly, Sklarey did not present bank records in support of his claim that he

---

[1] Indeed, Mendoza testified that he had no personal knowledge of Sklarey's transaction.

6

tendered full payment of taxes owed under the tax certificate. Nonetheless, the trial court's conclusion that Sklarey was "ready, willing, and able to redeem the property on August 5, the day of the tax deed sale" is supported by Skalarey's own testimony:

> Q. And how did you know that you should go to the tax collector's office to redeem the taxes as opposed to the clerk's office?
> A. Because they're the tax collector.
> Q. Did they accept your money?
> A. No.
> . . . .
> Q. At 3:30 on August the 5th, did you have the funds necessary to redeem the property - - I'm sorry, at four o'clock?
> A. At four, just after four, yes.

The trial court clearly found Sklarey to be a credible witness, despite Ashear's argument to the contrary,[2] and Ashear cites to no case for the proposition that testimony of the plaintiff alone does not constitute competent, substantial evidence to support the trial court's findings in this instance.[3]

---

[2] Ashear alleges that Sklarey is a non-credible witness, repeatedly claiming that Sklarey engaged in "shill bidding" at the auction. The issue of whether Sklarey engaged in any improper activities at the auction was not determined by the trial court and is not at issue here.

[3] In his reply brief, Ashear argues that the only testimony in support of the trial court's finding that Sklarey "was ready, willing, and able to redeem the property" was hearsay testimony. This issue was not raised in the initial brief and may not be considered on appeal. See Parker-Cyrus v. Justice Admin. Comm'n, 160 So. 3d 926, 928 (Fla. 1st DCA 2015) (stating that an issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply, as "'[w]ithout strict adherence to this rule, the appellees are left unable to respond in

Additionally, the evidence that the tax deed was executed and recorded on August 6 is uncontroverted. First, the face of the tax deed shows that it was signed by Ceide, as Deputy Clerk of the Circuit Court in Miami-Dade County, witnessed by two witnesses, and attached with the official seal on August 6. The face of the tax deed also shows that it was recorded at 8:38 a.m. on August 6, and Glatsiani testified that he picked up the deed from the Clerk's office on August 6. Finally, Ceide testified that she signed the deed on the morning of August 6 because there was a typographical error on the deed which prevented her from signing it on August 5, the day of the sale.

As the trial court's factual finding are not clearly erroneous, we find no merit to Ashear's argument. See Stone v. BankUnited, 115 So. 3d 411, 412 (Fla. 2d DCA 2013) ("When reviewing a judgment rendered after a nonjury trial, the trial court's findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous."); Fito v. Attorneys' Title Ins. Fund, Inc., 83 So. 3d 755, 757 (Fla. 3d DCA 2011) ("A factual finding made by a trial court in a non-jury trial is clearly erroneous only when there is no substantial evidence to sustain it, it is clearly against the weight of the evidence or it was induced by an erroneous view of the law.").

writing to new issues presented by the appellants'" (quoting Snyder v. Volkswagen of Am., Inc., 574 So. 2d 1161, 1161-62 (Fla. 4th DCA 1991))); Gen. Mortg. Assocs., Inc. v. Campolo Realty & Mortg. Corp., 678 So. 2d 431 (Fla. 3d DCA 1996).

8

We also find that the trial court applied the correct law to the facts in vacating and setting aside the tax deed issued to Ashear. Both parties agree that the applicable statutes at issue are section 197.472(1), Florida Statutes (2010), and section 197.122(1), Florida Statutes (2010). Section 197.472(1)[4] provides in relevant part as follows:

> (1) Any person may redeem a tax certificate or purchase a county-held certificate at any time after the certificate is issued and before a tax deed is issued or the property is placed on the list of lands available for sale.

Section 197.122(1)[5] states in relevant part:

> (1) . . . . No sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that:

---

[4] Effective July 1, 2014, section 197.472(1), was amended to provide that "[a] person may redeem a tax certificate at any time after the certificate is issued and before a tax deed is issued unless full payment for a tax deed is made to the clerk of the court, including documentary stamps and recording fees." § 197.472(1), Fla. Stat. (2017).

[5] Section 197.122(1) was amended effective July 1, 2011, to provide:

> (1) . . . . A sale or conveyance of real or personal property for nonpayment of taxes may not be held invalid except upon proof that:
>
>      . . . .
>
> (c) The real property was redeemed before receipt by the clerk of the court of full payment for a deed based upon a certificate issued for nonpayment of taxes, including all recording fees and documentary stamps.

§ 197.122(1), Fla. Stat. (2017).

9

. . . .

(c) The real property had been redeemed before the execution and delivery of a deed based upon a certificate issued for nonpayment of taxes.

Ashear argues that the trial court did not apply the correct legal standard under sections 197.472 and 197.122 because the final judgment refers to the execution and recording of the tax deed rather than to its issuance. [6] We disagree. First, the fact that the final judgment refers to the execution of the tax deed rather than its issuance in determining when Sklarey's right to redeem the tax certificate terminated is of no moment. The term "execution" is equivalent to the term "issue" as used in the statutes addressing tax certificates. See Lance v. Smith, 167 So. 366, 369 (Fla. 1936) ("The words 'issuing' and 'execution,' used in the statutes in relation to the passing of title by a tax deed, are used as interchangeable

---

[6] Although Ashear repeatedly refers to the "issuance" of the tax deed, he fails to define what actions or process constitutes the "issuance" of a tax deed. Section 197.552, Florida Statutes (2010), provides in relevant part:

All tax deeds shall be *issued* in the name of a county and shall be *signed by the clerk* of the county. The deed shall be *witnessed by two witnesses, the official seal shall be attached thereto, and the deed shall be acknowledged or proven as other deeds. . . . All deeds issued pursuant to this section* shall be prima facie evidence of the regularity of all proceedings from the valuation of the lands to the issuance of the deed, inclusive.

(emphasis added).

10

terms."). Second, the final judgment does not erroneously rely on the recording of the tax deed as a legally significant event. Section 197.122 mandates that no sale of real property for the failure to pay taxes shall be held invalid unless redemption occurred before delivery of a tax deed. It is well established that the recording of a deed is evidence of its delivery. See Wise v. Wise, 184 So. 91, 96 (Fla. 1938); Lance, 167 So. at 369; Kerr v. Fernandez, 792 So. 2d 685, 687 (Fla. 3d DCA 2001). For these reasons, we conclude that the trial court applied the correct legal standard set forth in sections 197.472 and 197.122 when it determined that Sklarey was ready, willing, and able to exercise his right of redemption "before the execution and recording of the tax deed." (emphasis in original)

Finally, Ashear argues that the trial court's order contravenes section 197.602, Florida Statutes (2010). Specifically, Ashear argues that the trial court erred by failing to apply provisions in section 197.602 mandating that Sklarey reimburse him the amount paid for the tax deed together with twelve percent interest from the date the tax deed was issued and for the value of any improvements. We agree. Section 197.602, Florida Statutes (2010), provides:

> If, in an action at law or in equity involving the validity of any tax deed, the court holds that the tax deed was invalid at the time of its issuance and that title to the land therein described did not vest in the tax deed holder, then, if the taxes for which the land was sold and upon which the tax deed was issued had not been paid prior to issuance of the deed, the party in whose favor the judgment or decree in the suit is entered shall pay to the

11

> party against whom the judgment or decree is entered the amount paid for the tax deed and all taxes paid upon the land, together with 12-percent interest thereon per year from the date of the issuance of the tax deed and all legal expenses in obtaining the tax deed, including publication of notice and clerk's fees for issuing and recording the tax deed, and also the fair cash value of all permanent improvements made upon the land by the holders under the tax deed. The amount of the expenses and the fair cash value of improvements shall be ascertained and found upon the trial of the action, and the tax deed holder or anyone holding thereunder shall have a prior lien upon the land for the payment of the sums.

Section 197.602 clearly and unambiguously requires that a purchaser of a tax deed determined to be invalid at the time of issuance is entitled to be reimbursed all sums paid to acquire the tax deed and to twelve percent interest on that amount. Turnberry Invs., Inc. v. Streatfield, 48 So. 3d 180, 182 (Fla. 3d DCA 2010). Upon the trial court's determination that the tax deed was to be vacated and set aside, Ashear was entitled to an award from Sklarey of the reimbursements provided for in section 197.602. The trial court's failure to make such an award was error. For that reason, the provision in the final judgment ordering that the $20,700 Sklarey placed in the court registry be disbursed to the Tax Collector cannot stand. Indeed, Sklarey concedes that the funds held in the court registry should be disbursed to Ashear, although he does not acknowledge the statutory requirements concerning interest.

12

Ashear also argues on appeal that he is entitled to an award, pursuant to section 197.602, for the value of improvements to the land. At trial, however, Ashear failed to present any evidence regarding such improvements. We therefore cannot conclude it was error for the trial court not to include such amounts in the final judgment.

Accordingly, we affirm in part, reverse in part, and remand with instructions to the trial court to enter an amended final judgment in favor of Sklarey ordering that the $20,700 in funds held by the Clerk in the court registry be disbursed to Ashear, together with an award of interest in accordance with section 197.602.

Affirmed in part, reversed in part, and remanded.